**RELIABLE TRANSFER CO. v. BLANCHARD.**

**SAME v. GALLAHAR.**

**SAME v. DUNN.**

**No. 11042.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1944.

James S. Bussey, of Augusta, Ga., for appellant.

Jack D. Evans and Randall Evans, Jr., both of Thomson, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The appeals in these consolidated causes present the single question whether the district judge erred in refusing to enjoin the prosecution by each of the three appellees of a suit he had brought in the state court against appellant.

The question comes up in this way. Three suits, one by each of appellees, filed in a Georgia state court against the appellant and other defendants, were removed into the District Court of the United States for the Southern District of Georgia, and no further proceedings were had in the state court with respect to them. Prior to the filing of petitions and bonds for removal, appellant filed demurrers and, subsequent to the removals, motions for judgment on the pleadings. Each plaintiff's motion to remand denied, and motions of defendant, (appellant here) sustained, judgment was rendered, retaining the suits as against the other defendants but dismissing this appellant from them. None of the plaintiffs excepting to, but accepting, the dismissal of appellant from his federal court suit, each filed a suit in the Georgia State Court against appellant alone, alleging independent acts of negligence. Appellant then, by ancillary petition in the federal court, sought an injunction to restrain plaintiffs from further prosecuting the newly filed state court suits against it. The district judge refused the injunction as to Blanchard, granted it as to Mrs. Gallahar, and made no order as to Dunn. Thereafter, on May 3, 1944, he set the order as to Mrs. Gallahar aside and entered an order denying the injunction. At the same time he denied the injunction as to Dunn.

Appellant here in all three suits, insisting that the removal proceedings vested the District Court with full jurisdiction of the parties and issues, unaffected by the prohibitions of Sec. 379, 28 U.S.C.A.,[1] and that the actions pending undisposed of as to the other defendants jointly sued, "the

---

[1] Cf. Toucey v. New York Life, 314 U.S. 118, 129, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; and Armstrong v. Alliance Trust Co., 5 Cir., 126 F.2d 164, 169.

'entire case is still in the district court and subject to its control", Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F. 2d 465, 466. It argues the matter to us as though the question for decision were simply one of power.

 In thus arguing, appellant proceeds upon the wholly incorrect assumption that, conceding power, the issuance of the injunctions was mandatory. It is horn book law that "Courts of equity exercise discretionary power in the granting or withholding of their extraordinary remedies, and that although this discretionary power is not restricted to any particular remedy, it is particularly applicable to injunction since that is the strong arm of equity and calls for great caution and deliberation on the part of the court."[2] The district judge did not doubt his power, nor decline to issue the injunctions because of a supposed want of it. Indeed, though he later denied the injunctions as to all of the plaintiffs, he at first, on the considerations which he deemed sufficient, granted it as to one of them. What is presented here for review then is not whether there was or was not power to issue the injunctions sought, but whether there was an abuse of discretion in failing to exercise power. Here again it is horn book law that whether an injunction will or will not issue rests within the sound discretion of the court, and that the exercise of this discretion will not be disturbed unless there has been a clear abuse of it, 45 Am.Jur., Sec. 180, p. 936. The situation here, where none of the plaintiffs has excepted to, or sought to appeal from, but, on the contrary, each has accepted, the judgment of dismissal, and each has brought a new suit against the defendant alone in the state court, is a very different one from that in the Hunteman case, where the plaintiff excepted to, and appealed from, the judgment of dismissal. We need not, however, undertake to determine whether appellant is right on his claim that the teaching of that case requires a holding that the judgments dismissing appellant from the removed cases are not final judgments, and are, therefore, not available to appellant as res judicata, Toucey v. N. Y. Life, 314 U.S. 118, at 129, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

It is sufficient for us to determine, and we do determine, that the record discloses no abuse of discretion in denying the injunctions and that the judgments appealed from should be affirmed.

---

[2] 28 Am.Jur., Sec., 35, p. 230; 28 Am. Jur., Sec. 3, p. 198; Sec. 23, p. 216; Sec. 24, p. 217; Sec. 35, p. 230; Petroleum Exploration v. Public Serv., 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294; Virginian Ry. Co. v. System, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789; Commonwealth of Pa. v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A. L.R. 1166.