## DR. WILLIAM HOWARD HAY FOUNDATION v. SAFETY HARBOR SANATORIUM.

### No. 10664.

Circuit Court of Appeals, Fifth Circuit.

Nov. 16, 1944.

Rehearing Denied Dec. 19, 1944.

R. Wilson Evans, President, Dr. William Howard Hay Foundation, North St. Petersburg, Fla., for appellant.

Cyril E. Pogue, of Clearwater, Fla., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging that it was the owner of a system or method of treatment known as "The Hay System of Health Control", or "The Hay Method" for short, plaintiff brought this suit charging defendant with using the method without its consent, and, therefore, with infringement by the unauthorized use of the method, and also with unfair practices in leading the public generally to believe that all the treatments given by the defendant were under the Hay Method, when this was not so. The prayer was for an injunction and for damages. The defenses were: (1) a general denial; (2) a denial that the plaintiff was the exclusive owner of the Hay System or Hay Method of Health Control; (3) a denial that the system was originated by Hay or that there was anything proprietary about it; and (4) an affirmation that the so-called Hay System is a treatment well recognized in the art of natureophy, that all qualified persons have the right to practice and employ it, and that there is, and can be, no exclusive right to practice or monopolize the use of it. A further defense was that defendant does not use the same method of diagnosis as used in the Hay System and does not claim that he does. And finally there was a denial that plaintiff has sustained any damage as a result of the defendant's acts.

Thereafter the cause had a checkered course. First, the counsel withdrew. Next

there was a dismissal for want of prosecution. Then an order of reinstatement, and finally a trial to the court on jury waiver made in open court. This trial was conducted on plaintiff's behalf not by counsel qualified to practice in the courts, but through the sufferance of the court by a layman, plaintiff's secretary, Mr. Evans. On that trial certain witnesses, including Evans, testified in plaintiff's behalf, and certain exhibits were offered by it. Defendant offered no testimony. The District Judge found for defendant, and made findings of fact and law accordingly.[1] A motion for new trial having been overruled, the hard luck which had attended the trial continued, and a controversy ensued over the preparation of the record. The case not having been stenographically reported, plaintiff prepared what he regarded as a statement of the evidence, and without experience in practice and unfamiliar with the rules, instead of filing it as his designation, presented it to the defendant for his agreement. Defendant refused to agree to it, and the District Judge, finding that it did not correctly present the case as it had been tried, refused plaintiff's request to approve and certify it as correct. Thereafter, plaintiff, appearing with the permission of this court by Mr. Evans, now become its president, applied for mandamus to compel the District Judge

[1] Findings of Fact and Law. Filed Jan. 9, 1943. (Title Omitted):

This cause having come on before the Court for trial and the plaintiff and the defendant having orally waived a trial by jury, and having orally agreed to try the issues before the Court without a jury, and the plaintiff having introduced its witnesses to sustain the allegations of the complaint and having announced to the Court orally that it had introduced all of the evidence which it deemed necessary to prove the allegations of the complaint and having rested its case, and thereafter the defendant, through its counsel, having moved the Court for a judgment on behalf of the defendant against the plaintiff dismissing the complaint, and having orally stated its grounds for said motion, and the Court thereafter having permitted argument by counsel for the defendant in support of said motion and having thereafter permitted argument by the plaintiff against said motion, and being otherwise fully advised in the premises, makes the following findings of fact and law, to-wit:

Findings of Fact.

1st. That the motion of the defendant for a judgment of dismissal is well taken and should be granted.

2nd. That the plaintiff has wholly failed to prove by the evidence the cause of action set forth in the complaint.

3rd. That plaintiff has failed to prove that the amount in controversy in this cause is more than $3,000 exclusive of interest and costs, and has failed to prove the jurisdiction of this court over the subject matter of the controversy.

4th. That the evidence of the plaintiff has proved that the agreement attached to the complaint, the original of which was offered in evidence, upon which the plaintiff predicates its right for the exclusive ownership in and to the "Hay System of Diet" and also known as the "Hay Method of Health Control" was never performed by the plaintiff or by Dr. William Howard Hay during his life time.

5th. The evidence of the plaintiff is conclusive that the "Hay System of Diet" also known as the "Hay Method of Health Control" has never been copyrighted or patented by either the plaintiff or Dr. William Howard Hay during his life time.

6th. The evidence of the plaintiff fails to establish as a fact that the "Hay System of Diet" and also known as the "Hay Method of Health Control" was originally discovered by Dr. William Howard Hay.

7th. The evidence of the plaintiff shows as a fact that Dr. William Howard Hay during his life time wrote, published and printed several books and pamphlets and published articles in magazines, fully and completely describing the "Hay System of Diet" and the "Hay Method of Health Control"; that said books, pamphlets and the magazines in which said articles were printed have been distributed, sold and offered for sale in many parts of the United States of America; that the said "Hay System of Diet" also known as the "Hay Method of Health Control" was in no wise a secret at the time the plaintiff executed its agreement with Dr. William Howard Hay.

8th. The evidence of the plaintiff fails to establish as a fact that the plaintiff has been damaged by any act of the defendant.

Conclusions of Law.

1st. That a judgment for the defendant against the plaintiff dismissing the cause of action should be granted.

2nd. That sufficient evidence has not been offered on behalf of the plaintiff upon which a judgment could be lawfully entered for the plaintiff and against the defendant.

Dated this 9th day of Jan., A. D. 1943.

Alexander Akerman,
United States District Judge.

to approve its statement. The application was denied on the ground that such approval was not a necessary part of the preparation of the record since under the rules plaintiff had a right to file his designation with the clerk and proceed thereafter as the rules provided. 5 Cir., 141 F.2d 952. Plaintiff filed his designation. Defendant neither filed one of its own nor objected below to the one plaintiff had filed as incorrect or incomplete, and the cause is here on a record made up by the clerk in accordance with plaintiff's designation. Here defendant, as appellee, does, indeed, complain that he did not know, and was not advised, of the filing of plaintiff's designation with the clerk until after the record had been made up and lodged in this court. He does not, however, invoke our authority under Rule 75, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to amend, enlarge, complete, or otherwise correct or supplement the record, and though it does appear that its preparation has been attended by confusion of thought and action, no reason is presented to us, or appears, why we should not consider and decide the appeal on the record as filed, and we do so.

■ The record so filed consists of the pleadings, the findings of fact, and the oral and written evidence designated by plaintiff. The findings positively and definitely decide against plaintiff all fact issues tendered on the trial, and they fully support the conclusions of law. It is appellant's burden, therefore, to show us that these are clearly erroneous. Passing without deciding the other questions decided against plaintiff, it is quite clear, that on the two issues which are conclusive of its right to recover, (1) whether it showed that it sustained any damages, and (2) whether it showed that it was entitled to an injunction, its proof failed.

■■ Upon the issue of damages, the District Court found that plaintiff proved none, and not only does appellant fail to show that this finding was clearly erroneous, but the record will be searched in vain for any evidence which contradicts it. Here appellant argues not that the proof showed a basis for a finding that it had sustained damages, but that it shows that defendant made great profits out of the use of plaintiff's system. It did not, however, sue for defendant's profits, neither did it offer any evidence upon which a verdict as to them could be based. It sued for damages. Its evidence furnished no basis for a finding in its favor on this score. It is, therefore, quite clear that for that reason alone the judgment denying damages was right and must be affirmed.

■■ When we turn to appellant's case on its claim for injunction, we think it clear that it stands no better. There is proof that for a time defendant was using the Hay System, but there is an admission that for part of that time it did so under written permission. There is proof that that permission expired, but there is testimony uncontradicted by any contrary proof that by another agreement defendant was given a right to use this system. The court so found, and the record standing thus, we may not reverse the judgment denying the injunction. But there is another reason why that judgment must be affirmed. An injunction is an extraordinary equitable remedy. Whether one should issue in a situation of this kind is always addressed to the equitable discretion of the chancellor, and it is only where it appears that discretion has been abused that an appellate court may reverse for its granting or refusal.[2] Considering this record in the light of that principle, we cannot say that the refusal to grant the injunction was error. The judgment is, therefore, affirmed, but, of course, without prejudice to plaintiff's right to sue defendant with respect to any conduct, occurring subsequent to the judgment in this suit, which plaintiff believes entitles it to damages or injunction.

Judgment affirmed.

WALLER, Circuit Judge (specially concurring).

I concur in the affirmance of this case but think that it should be affirmed with prejudice in the light of the fourth, fifth, sixth, and seventh findings of fact by the lower Court.

---

[2] Reliable Transfer Co. v. Blanchard et al., 5 Cir., 145 F.2d 551.