**SEVEN–UP COMPANY, Plaintiff-Appellant,**

v.

**O–SO–GRAPE CO. et al., Defendants-Appellees.**

**SEVEN–UP COMPANY, Plaintiff-Appellee,**

v.

**O–SO–GRAPE CO. et al., Defendants-Appellants.**

**Nos. 12921, 12922.**

United States Court of Appeals
Seventh Circuit.

Oct. 12, 1960.

Rehearing Denied Nov. 18, 1960,
in No. 12921.

See also D.C., 179 F.Supp. 167.

Beverly W. Pattishall, W. Thomas Hofstetter, Robert M. Newbury, Chicago, Ill., for Seven-Up Co.; Woodson, Pattishall & Garner, Chicago, Ill., Kavanagh, Bond, Scully, Sudow & White, Peoria, Ill., John T. Tabor, J. Stewart Bakula, St. Louis, Mo., of counsel.

Charles F. Meroni, Carlton Hill, Chicago Ill., Eugene R. Johnson, Peoria, Ill., for O-So-Grape.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

This is a suit for trademark infringement, unfair competition and trademark dilution respecting plaintiff's registered trademark "Seven-Up (7-Up)." Plaintiff complains of defendants' use of the trademark "Bubble Up." Injunctive relief was asked against the "Up" portion of "Bubble Up." Accounting and damages were also asked by plaintiff.

Defendants answered with a general denial and affirmative defenses of laches and acquiescence. Under Rule 42(b), Federal Rules of Civil Procedure, 28 U.S. C.A., defendants moved for a separate trial on the issue of laches. Extensive oral arguments were made and extensive briefs were submitted to the trial court which, on September 30, 1959, decided that there should be a separate trial on the issue of laches. The decision was accompanied by an exhaustive and detailed opinion.

Plaintiff then offered judgment to the defendants upon the separate issue of

laches. The offer was accepted, and the clerk entered judgment in favor of defendants upon that issue.

Defendants moved for a judgment on the pleadings, and plaintiff moved to set the case for trial. Defendants then moved to amend their motion for judgment on the pleadings so as to convert it to a motion to dismiss, and for injunctive relief against plaintiff. The District Court granted the motion to amend and then granted the motion to dismiss the complaint. It refused to issue an injunction against plaintiff, and ordered the costs to be borne by plaintiff and defendants.

Plaintiff appealed from the order dismissing its complaint and defendants appealed from the denial of injunctive relief against plaintiff, and also from the order requiring each party to bear its own costs.

Plaintiff concedes that its laches precludes it from recovery of any past damages and profits. It claims, however, to be entitled to injunctive relief against the alleged continuing deception, unfair competition and trademark infringement. Plaintiff argues that the judgment against it based upon laches in no way justified the trial court in denying an injunction to prevent future infringement. It, therefore, becomes necessary to review the conduct of plaintiff pertaining to the issue of laches.

On October 2, 1942, plaintiff, Seven-Up Company, filed a suit in the United States District Court at St. Louis, Missouri, against the Cheer Up Sales Company of St. Louis, alleging the registered trademark "Cheer Up" infringed plaintiff's trademark "Seven-Up (7-Up)." On the same day in the same court, plaintiff filed a similar suit charging the registered trademark "Natural Set Up" infringed plaintiff's registered trademark "Seven-Up (7-Up)." About ten months thereafter, in the same court, plaintiff commenced a suit against Leroy O.

Schneeberger, doing business as Bubble Up Company, alleging the trademark "Bubble Up" infringed the plaintiff's trademark "Seven-Up (7-Up)."

The case involving the trademark "Cheer Up" was fully tried. The judgment was adverse to plaintiff, the Court deciding that the trademark "Cheer Up" did not infringe the trademark "Seven-Up (7-Up)" and was not confusingly similar thereto. The Seven-Up (7-Up) Company appealed to the Circuit Court of Appeals of the Eighth Circuit, which affirmed.[1] Thereafter, the Seven-Up (7-Up) Company petitioned for certiorari. This was denied.[2] Plaintiff then filed a petition for a bill of review in the Eighth Circuit Court of Appeals. This was denied.[3] A petition for certiorari was again denied.[4]

After this series of reverses, plaintiff voluntarily dismissed its suit against the then owner of the mark "Bubble Up." The order of dismissal was dated March 13, 1946. Plaintiff also dismissed its suit which charged that the mark "Natural Set Up" infringed its mark.

The suit pending in St. Louis involving the trademark "Bubble Up" was fully at issue before it was dismissed. In the thirteen years following such dismissal, plaintiff herein gave no notice and made no claim, orally or in writing, that the trademark "Bubble Up" was invalid or infringed the trademark "Seven-Up (7-Up)."

Between January 14, 1955 and October 18, 1955, the attorneys for the plaintiff and the defendants herein exchanged friendly correspondence which had the objective of cooperation of defendants in the use of its trademark "Bubble Up" to the end that the suffix "Up" would not become generic. During this period, no claim was made by plaintiff that the trademark "Bubble Up" was invalid or infringed plaintiff's trademark.

Defendants filed a motion to dismiss the instant appeal on the ground the

1. Seven Up Co. v. Cheer Up Sales Co., 148 F.2d 909.

2. 326 U.S. 727, 66 S.Ct. 32, 90 L.Ed. 431.

3. 153 F.2d 231.

4. 329 U.S. 717, 67 S.Ct. 47, 91 L.Ed. 622.

judgment sought to be reviewed is essentially the one to which plaintiff consented and which was invited by plaintiff's offer of judgment. We ordered the motion to dismiss to be taken with the case.

We may assume that before the plaintiff agreed to a judgment against it on the issue of laches, plaintiff's attorneys had read the opinion of the trial court on the motion for a separate trial. Among statements appearing in that opinion was: "That estimate of economy in time appeals to the court if it appears likely that a decision on the laches issue in favor of defendants would probably be decisive of all issues in the case. * * * The court is not disposed to order a separate trial of the issues, however, unless it is to be reasonably anticipated that disposition of the laches issue in defendants' favor would place this litigation at rest." Seven-Up Co. v. O-So Grape Co., D.C., 177 F.Supp. 91, 93. The Court further stated, at page 100: "It appears to the court that the defense of laches, if proved, would act as a bar to essentially all of plaintiff's claims."

■ When plaintiff's attorneys thereafter offered to permit judgment to be taken against plaintiff on the issue of laches, they knew that after such a judgment was entered, the trial court was likely to regard the litigation as ended. Nevertheless, we reject the argument of defendants that the judgment issued as to laches was necessarily final in the determination of the issues in the case at bar. We deny the motion to dismiss the appeal, and now proceed to consider the case upon the merits.

■ Mere delay in bringing suit ordinarily does not affect the right to an injunction against further use of an infringed trademark. Independent Nail & Packing Co., Inc. v. Stronghold Screw Products, Inc., 7 Cir., 205 F.2d 921, 927; Mantle Lamp Co. of America v. Aladdin Mfg. Co., 7 Cir., 78 F.2d 426, 429. Laches does not necessarily constitute a conclusive and automatic bar to injunctive relief in trademark actions. However, in many instances, the delay may be so prolonged and inexcusable that it would be inequitable to permit the plaintiff to seek injunctive relief as to future activities.

In Boris v. Hamilton Mfg. Co., 7 Cir., 253 F.2d 526, 529, we said: "Laches is an equitable doctrine, not fixed by any unyielding measure, but to be determined in each case under its factual situation, and allowable ' "where the enforcement of the asserted right would work injustice." ' "

■ In the case at bar, much more than mere delay is present. In the thirteen years following the dismissal of its suit charging "Bubble Up" infringed its trademark, plaintiff did more than merely acquiesce in defendant's use of "Bubble Up." It would be highly inequitable to permit plaintiff at this late date, to seriously damage, if not destroy, defendants' business by use of injunctive relief.

In French Republic v. Saratoga Vichy Spring Co., 191 U.S. 427, 24 S.Ct. 145, 48 L.Ed. 247, the Supreme Court ruled that all relief should be denied in a trademark case where plaintiff had acquiesced for some thirty years in defendant's use of the word "Vichy" in marking mineral waters. Although a shorter period of time is involved in the case at bar, the equities more strongly demand that injunctive relief be denied. We hold the trial court was correct in dismissing the complaint and action herein.

■ Defendants appeal from the denial of the trial court to issue an injunction restraining plaintiff from bringing future vexatious litigation on the same issues. We think it was within the discretion of the trial court to deny this motion.

■■ Defendants also appeal on the matter of costs. It is well settled, the awarding of costs is within the discretion of the trial court. We do not find any abuse of that discretion.

Judgment affirmed.