50 CCPA

The SEVEN-UP COMPANY, Appellant,

v.

BUBBLE UP CORPORATION, by Change of Name from O-So Grape Co., Assignee of Leroy O. Schneeberger and the Sweet Valley Products Co., Appellee.

Patent Appeal No. 6881.

United States Court of Customs and Patent Appeals.

Jan. 16, 1963.

Rehearing Denied March 20, 1963.

Worley, Chief Judge, dissented.

---

6. See Judge Rich's exhaustive concurring opinion.

7. See footnote 3.

Lewis S. Garner, Helen W. Nies, Washington, D. C., Woodson, Pattishall & Garner, Chicago, Ill., for appellant.

Charles F. Meroni, Carlton Hill, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill. (Miller, Westervelt & Johnson, Peoria, Ill., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

The Trademark Trial and Appeal Board, applying *res judicata*, granted respondent's (appellee's) renewed motion to dismiss the petition brought by appellant under Section 14 of the Trademark Act of 1946 (15 U.S.C. § 1064) to cancel respondent's principal register registrations Nos. 141,244 and 354,840 for the trademark BUBBLE UP, owned by it as successor to the O-So-Grape Company. Petitioner-appellant, The Seven-Up Company, is the owner of a number of registered trademarks for SEVEN-UP and also 7 UP. The marks of the respective parties are used on soft drink beverages.

The Petition for Cancellation avers certain facts and concludes with a prayer for relief which reads as follows:

"WHEREFORE, petitioner prays that the said Registrations Nos. 141,-244 and 354,840 be cancelled under Sec. 18 of the Trademark Act of 1946 on the grounds set forth above, for the reason that the date of first continuous use alleged in the registrations is false and misleading, and is used by the registrant to deceive and mislead, in violation of 15 U.S.C. 1120 (Sec. 38 of the Trademark Act of 1946) and the said material error in the said registrations has been, is, and will be damaging to petitioner."

The Petition for Cancellation was filed March 17, 1959, three days prior to the filing of a Bill of Complaint by petitioner-appellant as plaintiff against respondent-appellee as defendant in the District Court, S. D. Illinois, N. Div. Since the appealed decision of the Trademark Trial and Appeal Board is based on a holding of *res judicata* predicated upon the decision in this later filed suit, it is necessary to here review this action in some detail.

The complaint in the Illinois action seeks a recovery for Trademark Infringement, Unfair Competition and Trademark Dilution, and prays for specific relief on each of these causes of action. In addition, the complaint prays:

"That plaintiff have such other and further relief as the court deems just and equitable."

The complaint, insofar as it is pertinent to the issues raised in the present cancellation proceedings, contains the following averments:

"25. On information and belief the trademark BUBBLE UP was registered in the United States Patent Office in 1921, and was used locally and to a slight extent for a short period of time for a grape soft drink, beginning in or about the year 1920, by The Sweet Valley Products Co., of Sandusky, Ohio.

All use of the said trademark for said soft drink or for any soft drink or product was abandoned and discontinued by said company in or about the year 1922. In 1937 Leroy O. Schneeberger of St. Louis, Missouri, defendants' predecessor, bought the naked United States registration of BUBBLE UP, No. 141,-244, from the aforesaid company and in 1938 reregistered the mark in his own name, No. 354,840. There had been no use of the trademark BUBBLE UP by the assignor or anyone else from 1922 to 1937. By that date (1937) plaintiff's 7 UP (also SEVEN-UP) soft drink had become nationally famous. The said Leroy O. Schneeberger did not use BUBBLE UP for a grape soft drink as it had been originally used by the assignor, but instead used said trademark solely for a soft drink of the same type and flavor, except for quality, as the 7 UP (also SEVEN-UP) soft drink put out by plaintiff. The said trademark BUBBLE UP and said registrations were assigned from Leroy O. Schneeberger to Bubble Up Corporation, a Missouri corporation, in 1946, and were assigned from Bubble Up Corporation to defendant, O-So Grape Co., in 1953.

"26. Notwithstanding the aforesaid facts, the said Reg. No. 354,840, which was registered on February 22, 1938 by Leroy O. Schneeberger, recites that the trademark BUBBLE UP had been used and applied to beverages in the business of the said Leroy O. Schneeberger, and in the business of his predecessors continuously from October 17, 1917 to 1937. The said allegation was made and sworn to by Leroy O. Schneeberger in the application for said registration. The said statement was and is false and the presumption of use and priority as of the said date, namely October 17, 1917 arising from the registration, is likewise false, whereupon the said Reg.

No. 354,840 is erroneous and deceptive in a material respect.

"27. The present record owner of the aforesaid registrations Nos. 141,-244 and 354,840, defendant O-So Grape Co., and its agents, bottlers, and wholly controlled subsidiaries, have falsely stated, and are stating, representing and implying in numerous legal actions in foreign countries between the parties hereto, and also to the trade and public, that BUBBLE UP is 'the first "UP" drink,' that it has been in continuous use since prior to plaintiff's first use of 7 UP (also SEVEN-UP) and in 1938 rergistered the mark in in 1928; and that it has been continuously used side-by-side with 7 UP (also SEVEN-UP) in the United States since 1917. The Reg. Nos. 141,244 and 354,840, and each of them, have been constantly and specifically referred to in connection with, and as basis for and in support of the said misrepresentations. All of the said representations are wholly false and contrary to fact.

"28. The said false and misleading representations as aforesaid and the registrations used in support thereof have been relied upon and widely and forcefully cited and used by third persons against whom plaintiff has brought legal action for infringement of its said trademark 7 UP (also SEVEN-UP), in defense of their said infringements and unfair competition and in support of attempts to invalidate plaintiff's trademark 7 UP (also SEVEN-UP) on the grounds that it is generic and descriptive of soft drinks of a type similar to plaintiff's, based upon the falsely alleged use of BUBBLE UP since 1917 for said type of drink, all to plaintiff's great and irreparable prejudice and damage.

The answer filed by appellee denied the foregoing allegations of the complaint and as an affirmative defense, averred that plaintiff was not entitled to any relief by reason of laches. One averment

which is of interest in the present proceeding is as follows:

"(C) Although United States Trademark Registration No. 141,-244 for the trademark 'Bubble Up' was duly renewed by Leroy O. Schneeberger under date of April 2, 1941, and was duly Published under the Act of 1946 by O-So Grape Co. on July 20, 1954, *Plaintiff, until the bringing of this action, has neither threatened an action for cancellation of said trademark registration nor filed any such action.*

"(D) Although United States Trademark Registration No. 354,840 for the trademark 'Bubble Up' with design of fanciful bubbles was Published under the Act of 1946 by O-So Grape Co. on July 20, 1954; duly renewed by Defendant, O-So Grape Co., under date of February 22, 1958, and corrected in accordance with modern usage of the term 'Bubble Up' and encircling fanciful bubbles by a certificate of correction dated June 11, 1957, and published in the Official Gazette of the United States Patent Office of that date, *Plaintiff has not, prior to the filing of this suit, taken any action seeking to cancel such registration nor has Plaintiff, prior to the filing of this suit notified Defendants or any thereof of any such intended action.*" [Emphasis added.]

A motion was made by appellee (defendant) for a separate trial under Rule 42(b), F.R.Civ.P., 28 U.S.C., on its pleaded affirmative relief based on laches. The court heard oral argument and granted the motion. (D.C., 177 F.Supp. 91). Appellant (Plaintiff), Seven-Up, under Rule 68, F.R.Civ.P., 28 U.S.C., offered judgment on the separate issue of laches, which offer was accepted by Appellee, Bubble Up. The district court then granted Bubble Up's motion to dismiss the complaint but denied Bubble Up's request for an injunction against further prosecution based upon the two marks involved.

Seven-Up appealed from the order dismissing its complaint and Bubble Up appealed from the denial of its request for injunctive relief. The Court of Appeals, Seventh Circuit, affirmed the lower court's dismissal of the complaint and also its denial of Bubble Up's request for injunctive relief (283 F.2d 103).

The essential facts which emerge from this somewhat involved situation are that while two additional parties defendant were named in the Illinois action, the two parties who are here involved were involved in the prior action and are bound by it. The prior action involved several issues which are not here before us. The question here is whether the issue of cancellation of Bubble Up's trademark registrations was in issue in the prior action.

██ It is the essence of *res judicata* that an end should be put to litigation— that when the parties have previously litigated a cause, they are barred from litigating the matter anew in a separate action. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195. If the second suit is for a different cause of action, any facts actually determined in the first suit between the same parties are conclusively established. This doctrine of collateral estoppel is stated by Mr. Justice Harlan in Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355, as follows:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; *and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.* This general rule is demanded by the very object for which

civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them." (168 U.S. at pp. 48–49, 18 S.Ct. at p. 27). [Emphasis added.]

While the pleadings in the prior action do not specifically ask for the cancellation of the instant trademark registrations, the court in the prior litigation had jurisdiction of the parties and had the authority to cancel the marks. See Section 37 of the Trademark Act of 1946 (15 U.S.C. § 1119).

In its Answer to the Petition for Cancellation, appellee has incorporated the same defense of laches, as it had done in the then pending action in the U.S.D.C. Illinois N.D. In addition to this defense, the Answer here included the following motion:

"Registrant respectfully moves that all further required action in this proceeding be deferred pending final disposition of the aforesaid suit in the United States District Court for the Southern District of Illinois, Northern Division, at Peoria, Illinois, entitled The Seven-Up Company, Plaintiff, v. O-So Grape Co., Bubble Up Corporation and Bubble Up International Ltd., Defendants, Civil Action No. P–2217, *which suit seeks among other things the identical relief here sought, to wit: cancellation of Registrations Nos. 141,-244 and 354,840.* The carrying on of proceedings herein coincidental with the carrying on of the defense to said litigation in the United States District Court at Peoria, Illinois would subject registrant to large additional expense, thus achieving an object which registrant avers to be a principal object of petitioner in bringing this petition and in filing the aforesaid suit. Issue has been joined in the aforesaid suit and proceedings therein are being carried on promptly, discovery deposition proceedings of defendants (registrant here) having been noticed to begin May 12, 1959." [Emphasis added.]

Despite appellant's opposition to the granting of this motion, the Trademark Trial and Appeal Board suspended the proceedings, stating:

"It appears from the record herein that petitioner has recently instituted a civil action against a number of companies including the applicant herein for trademark infringement and unfair competition, and that said action involves the marks of the instant case. The final determination thereof probably will be conclusive as between the parties with respect to the questions of respondent's right to the continued use of the mark shown in its registrations and of petitioner's claim of probable damage herein. It is the practice of the Office under such circumstances to suspend the proceedings pending before it until determination of the civil action, regardless of which proceeding was the first to be instituted. Townley Clothes, Inc. v. Goldring, Inc., 100 U.S.P.Q. 57 (Comr., 1953).

▮ Where, as here, one party to a cancellation proceeding has prevailed in a litigated and finally determined action by reason of the affirmative defense of laches *with respect to the same factual averments* which have been pleaded verbatim in a later cancellation proceeding, we think it is incumbent on the Patent Office and this court to give effect to such an established defense which goes to the relief here sought. Despite the differences in the specific relief sought in the Illinois suit and in the Petition for Cancellation here, we think the defense to the

action predicated on laches is binding on the parties here by reason of collateral estoppel. Cromwell v. County of Sac, supra, and Southern Pacific Railroad Co. v. United States, supra.

The parties hereto are no strangers to litigation involving their respective trademark rights.[1] This suggests the wisdom of terminating such proceedings as have been finally adjudicated by a court of competent jurisdiction. We think the prior adjudication of the affirmative defense of laches, which found appellant's conduct to constitute laches barring all relief, estops appellant from here contesting again the determination of this issue.

It seems clear to us that the long delay of appellants which was held to constitute laches barring its recovery in a suit for trademark infringement, dilution and unfair competition is equally a bar to the present cancellation proceeding where the two marks sought to be cancelled, No. 141,244 and No. 354,840, have been on the register for 38 and 21 years, respectively, prior to filing this petition. In the Illinois litigation, the United States Court of Appeals, 7th Circuit, stated:

> "In the case at bar, much more than mere delay is present. In the thirteen years following the dismissal of its suit charging 'Bubble Up' infringed its trademark, plaintiff did more than merely acquiesce in defendant's use of 'Bubble Up.' It would be highly inequitable to permit plaintiff at this late date, to seriously damage, if not destroy, defendants' business by use of injunctive relief." [283 F.2d at p. 106.]

We have not found any overriding equities or considerations of public policy here which would be served by relitigating determinative issues of fact or law which were finally determined in the Illinois action.

For the foregoing reasons, the decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

WORLEY, Chief Judge (dissenting).

Since I am convinced the Trademark Trial and Appeal Board erred in granting the motion to dismiss Seven-Up's petition for cancellation on the ground of res judicata, I respectfully dissent from the result reached by the majority.

The majority states that the question here is whether the issue of cancellation of Bubble Up's registrations was in issue in the Illinois suit and apparently finds that it was. However, as I read the record, the specific relief asked in that suit relates to Trademark Infringement, Unfair Competition and Trademark Dilution, but not "the identical relief here sought, to wit: cancellation of Registrations Nos. 141,244 and 354,840."

This court has stated many times that there is a distinction between the right to use a mark and the right to register it. Alumatone Corporation v. Vita-Var Corporation, 183 F.2d 612, 37 CCPA 1151; Salem Commodities, Inc. v. Miami Margarine Co., 244 F.2d 729, 44 CCPA 932; Alfred Dunhill of London, Inc. v. Dunhill Tailored Clothes, Inc., 293 F.2d 685, 49 CCPA 730. The present petition having been filed three days before the Illinois suit, the matter of Bubble Up's right to its registration has been in issue on the basis of the petition continuously through the entire course of the suit. Affirmance of the board's dismissal of the petition on a motion to dismiss (in practical effect, a motion for summary judgment), actually denies Seven-Up the right to a determination on the merits of Bubble Up's right to registration on the mere basis that the matter of the right to use the mark has been determined adversely to Seven-Up.

1. Seven-Up Company v. Schneeberger, d. b. a. Bubble Up Company, Civil Action No. 2384, District Court, E.D. Missouri, E.D., dismissed and abandoned by Seven-Up, and Seven-Up Co. v. O-So Grape Co., D.C., 177 F.Supp. 91, affirmed, 7 Cir., 283 F.2d 103, cert. den. 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859.