**JAMES B. CLOW & SONS, INC.,**
**Appellant,**

v.

**UNITED STATES PIPE AND FOUNDRY**
**COMPANY, Appellee.**

**No. 21075.**

United States Court of Appeals
Fifth Circuit.

July 8, 1965.

Rehearing Denied Sept. 13, 1965.

Patrick H. Hume, Chicago, Ill., Reid B. Barnes, Birmingham, Ala., Henry L. Brinks, Chicago, Ill., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., Hume, Groen, Clement & Hume, Chicago, Ill., Spray, Price, Townsend & Cushman, Charles M. Price, Robert C. Keck, Chicago, Ill., of counsel, for appellant.

Hugh P. Carter, Peyton N. Finch, Jr., and Jennings, Carter & Thompson, Birmingham, Ala., Paul J. Ausbeck, Birmingham, Ala., of counsel, for appellee.

Before RIVES, WISDOM, and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

This patent infringement case comes to us for the second time. See James B. Clow & Sons, Inc. v. United States Pipe and Foundry Company, 5 Cir., 1963, 313 F.2d 46. There we affirmed the judgment of the District Court, 205 F.Supp. 140, in part and reversed in part. The sole issue for the court on remand stemmed from the contention that the assignors of plaintiff United States Pipe and Foundry Company were not the first inventors. The District Court failed to make findings and conclusions relative to the issue raised by this defense and the remand was for the purpose of resolving the resulting hiatus.

We stated that the question of whether the patent in suit was issued to the first inventors depended entirely on the circumstances having to do with the application of Yves Mathieu for a patent in the United States Patent Office which application, in turn, depended for priority on two Brazilian applications. These Brazilian applications were filed prior to the application of the assignors for the patent in suit. This priority basis rests on 35 U.S.C.A. § 119 which provides for a relation back of the American filing date to the date the applications were filed in Brazil. We pointed out that United States Pipe would be entitled to prevail in the face of the defense if it appeared either that the Brazilian applications would not support the interference count which had been filed in the Patent Office against Claim 5 of the patent in suit, or that the American application of Mathieu disclosed a different invention with respect to Claim 5 from that shown in the Brazilian applications. The interference count had been settled privately.

Evidence concerning the first of these propositions was adduced on the trial but there were no findings relative thereto. The second proposition, based on the American application, would be reached only in the event the Brazilian applications were for the same invention. The District Court was directed to make its determination on the record as it then existed, or upon that record and additional evidence, or after a new trial, all in the court's discretion. Rule 59(a), F.R.Civ. P., Aetna Insurance Company v. Paddock, 5 Cir., 1962, 301 F.2d 807; United States v. DeVane, 5 Cir., 1962, 306 F.2d 182. The District Court was authorized to require the Commissioner of Patents to produce the American application of Mathieu if it was deemed to be relevant on remand.

It develops that the District Court made its determination upon the record and additional evidence consisting of copies of the Mathieu Brazilian applications as filed with United States Patent Office in connection with the Mathieu American application, together with certified official translations of the Brazilian applications from the Patent Office. The conclusion was reached that the Mathieu Brazilian applications, individually or in combination, would not support the interference count against Claim 5 of the patent in suit. It being undisputed that the invention date of the assignors was prior to Mathieu's United States filing date, the District Court then held that the assignors were the first inventors and entered judgment for appellee pipe company.

█ We have carefully reviewed the findings of the court in support of its conclusion, and agree that the Brazilian applications were not for the same invention. Thus it is our opinion that the findings are not clearly erroneous. Those applications disclosed a type of pipe joint which seals on the principle of the fluid in the pipe pressing the two lips of a gasket apart and into sealing contact with the inner and outer pipe sections. This is a lip-seal or "V-lip" type of seal as distinguished from the invention of the patent in suit which is based on the "O-ring" principle. It describes a joint embodying a gasket holding means and a gasket in the bell of a pipe, enabling the insertion of a spigot through a forced deforming of the gasket with the result of effecting a seal under radial compression.

The difference in these types of seals was recently described by this court in a case involving the patent for a similar

push-in type joint for use in joining asbestos-cement pipe instead of cast iron pipe as is here involved. Italit, Inc. v. Johns-Manville Corporation, 5 Cir., 1964, 331 F.2d 663. There we said:

> "'V-ring' seals, which were distinguished over during the prosecution of the application, seal on an entirely different principle than an 'O-ring' gasket. They do not depend upon being deformed or squeezed into a space between pipe sections in order to make a seal, but rather depend upon fluid pressure to force the lips of the 'V' apart against the parts to be sealed so that the greater the hydraulic pressure, the greater will be the force against the lips pushing them against the parts to be sealed."

One of the Brazilian applications, No. 80,940 describes a "V-lip" seal while the other, No. 81,987 describes a "U-lip" seal but both seal under the internal fluid pressure and not by placing a gasket under radial compressive force as between the outer and inner pipe in the insertion process as is the case with the invention of the patent in suit. It is true that both the "V-lip" and "U-lip" gaskets are forced to some extent in the insertion process. However, this forcing which is inherent in the type of seal taught by the applications does not alter the result of a seal accomplished by internal fluid pressure instead of radial compressive force from the contact of the inner pipe or spigot with the gasket.

Appellant thus failed to pass the hurdle of the Brazilian applications, and it became unnecessary to consider Mathieu's American application. There was no abuse of discretion on the part of the trial court in limiting the trial on remand as was done to the record plus the Brazilian applications on file in the Patent Office. The other assignments of error based on the refusal of the court to vacate a prior order, and to allow supplemental pleadings are also without merit in view of our affirmance of the court's findings and conclusions.

Affirmed.