The FROSTIE COMPANY, Appellant,

v.

DR. PEPPER COMPANY, Appellee.

DR. PEPPER COMPANY, Appellant,

v.

The FROSTIE COMPANY, Appellee.

No. 23013.

United States Court of Appeals
Fifth Circuit.

May 23, 1966.

---

* Of Portland, Oregon, sitting by designation.

Daphne R. Leeds, Washington, D. C., Anthony Atwell, Atwell, Grayson & Atwell, Dallas, Tex., for appellant.

B. Thomas McElroy, W. D. White, White, McElroy & White, Dallas, Tex., for appellee.

Before HUTCHESON, RIVES and BELL, Circuit Judges.

HUTCHESON, Circuit Judge:

This is an appeal from an order granting an injunction under the Lanham Act, 15 U.S.C. Sections 1114–1119, 1125(a), against trademark infringement and unfair competition by the Dr. Pepper Company. We agree with the result reached by the court below and accordingly affirm its decision.

This marks the second appearance of these litigants, and of this litigation before this Court. In our previous opinion,[1] the relevant facts were set out in detail. We therefore restrict our presentation to a summary of those facts and to a statement of the subsequent proceedings.

The Frostie Company originated this action to halt the use by Dr. Pepper of the words "Frosty Pepper" in the promotion of its products.[2] Frostie is the owner of the admittedly valid trademark, "Frostie", which it utilizes in connection with the sale of a root beer concentrate. Dr. Pepper is a competing soft drink manufacturer operating under its trademark, "Dr. Pepper".

For some years prior to Frostie's acquisition of its trademark, Dr. Pepper used the adjective "frosty" in suggesting that its product should be served cold. Frostie has not, does not, and indeed could not, protest this use. However in 1959 Dr. Pepper began using the words "Frosty Pep" on its cartons to depict, and to promote the use of, Dr. Pepper and ice cream. Because of other infringement litigation, this phrase was replaced with the words "Frosty Pepper". Initially "Frosty Pepper" was used on Dr. Pepper's cartons and in its summer promotions and advertising; after the first appeal of this case, this phrase was added to cans containing Dr. Pepper.

Frostie complained that by using the phonetic equivalent of its "Frostie" trademark in connection with the promotion and sale of its own soft drink, Dr.

---

1. 341 F.2d 363 (5th Cir. 1965).

2. The relevant statutory provision is 15 U.S.C. Sec. 1114(1), which reads in part:
Any person who shall, without the consent of the registrant—
(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive * * * shall be liable in a civil action by the registrant for the remedies hereinafter provided. * * *

Pepper was infringing upon the trademark and competing unfairly. The case was tried to the district court without a jury. The court found no infringement or unfair competition and dismissed Frostie's complaint. On appeal we reversed the district court and ruled that Dr. Pepper's use of the disputed phrase in fact appeared to infringe on Frostie's trademark. But preferring "to leave to the district court, after a consideration of all the relevant evidence, the task of making an initial determination whether in the use of 'Frosty Pepper' by [Dr. Pepper] there is the requisite likelihood of confusion",[3] we remanded the case for further proceedings.

Upon remand the district court denied Frostie's motion for judgment in its favor, and instead ordered a trial before an advisory jury. The jury concluded that Dr. Pepper's use of "Frosty Pepper" was likely to confuse the consumer as to the source and origin of the product being promoted thereby. The district court then entered findings of fact and conclusions of law in agreement with the jury, and found infringement and unfair competition. The court enjoined future infringement, ordered Dr. Pepper to deliver to Frostie for destruction all materials bearing the proscribed phrase and the means whereby they were produced, and assessed Frostie's costs and disbursements, including attorney's fees, against Dr Pepper.

Upon Dr. Pepper's motion the district court reconsidered and modified its order; the order of delivery for destruction was cancelled, and Frostie was denied its costs.

From this final order and judgment both parties appeal. Frostie protests the district court's retrial on remand and contends that the final decree grants it insufficient relief. Dr. Pepper argues that the infringement finding is clearly

erroneous and objects to the scope of the final decree. We reject as without merit these arguments.

■ Frostie complains of the retrial of the case upon remand from this court. Inasmuch as this retrial resulted in findings and a judgment favorable to Frostie, any error committed in this regard is harmless. Fed.R.Civ.P. 61. Moreover this court has repeatedly upheld the trial court in ordering a new trial, and in using an advisory jury, on remand. See James B. Clow & Sons v. United States Pipe & Foundry Co., 348 F.2d 127 (5th Cir. 1965); United States v. DeVane, 306 F. 2d 182 (5th Cir. 1962); Aetna Ins. Co. v. Paddock, 301 F.2d 807 (5th Cir. 1962).

■ Dr. Pepper asserts that the district court permitted consideration by the jury of improper and inadmissible evidence; that without this evidence, there is no evidence showing likelihood of confusion; and that therefore the district court's findings of likelihood of confusion and infringement are "clearly erroneous". An advisory jury does no more that *advise* the judge; the ultimate responsibility for finding the facts remains with the court.[4] Because of this the review on appeal is from the court's judgment as though no jury had been present, and errors relating to rulings before and instructions to the advisory jury need not be considered. Reed v. Riddle Airlines, 266 F.2d 314, 319 (5th Cir. 1959), and authorities there cited. And we are of the further opinion that even without the testimony complained of, ample evidence supports the district court's findings of likelihood of confusion and infringement.[5]

■■ Both parties oppose the final decree entered by the district court, Dr. Pepper because it does too much, Frostie because it does not do enough. Initially we emphasize, as we have time and again, that the granting or denying of injunc-

---

3. 341 F.2d at 367.

4. Wright, Federal Courts Sec. 92 p. 356 (1963).

5. On the former appeal this court observed that "a mere occular examination of

the two marks might permit the trial court to make its conclusion [regarding likelihood of confusion]". 341 F.2d at 367.

tive relief rests within the sound discretion of the trial court; the exercise of this discretion will not be disturbed unless there has been a clear abuse of it. Reliable Transfer Co. v. Blanchard, 145 F.2d 551, 552 (5th Cir. 1944).[6] More important, this same test determines the propriety of the injunctive decree fashioned by the trial court in a suit for trademark infringement and unfair competition.[7] The scope of the injunctive relief in such a suit is primarily a matter for the trial court; we would interfere only were we convinced that the trial court's conclusion resulted from an abuse of discretion. Esquire, Inc. v. Esquire Slipper Mfg. Co., 243 F.2d 540, 545 (1st Cir. 1957). Cf. Seven-Up Co. v. O-So-Grape Co., 283 F.2d 103, 106 (7th Cir. 1960), cert. denied, 365 U.S. 869, 81 S.Ct. 903, 5 L.Ed.2d 859 (1961); Everest & Jennings, Inc. v. E & J Mfg. Co., 263 F.2d 254, 260–261 (9th Cir. 1958), cert. denied, 360 U.S. 902, 79 S.Ct. 1284, 3 L.Ed.2d 1254 (1959); Century Distilling

Co. v. Continental Distilling Corp., 205 F.2d 140, 149 (3rd Cir. 1953), cert. denied, 346 U.S. 900, 74 S.Ct. 226, 98 L.Ed. 400 (1953).

Neither party has made the requisite showing of abuse of discretion. Whether the infringing materials and the means of producing them shall be delivered up and destroyed is to be determined by the trial court;[8] similarly, costs and disbursements may or may not be granted by the trial court in its discretion.[9] The district court has now exercised its discretion and denied Frostie the relief it requested; we cannot say, on the facts here presented, that this was an abuse of discretion. Nor is the district court's injunction against future infringement too broad. The district court's final decree seems well adapted to protect the respective rights of both parties. Finding no abuse of discretion, we affirm.

Affirmed.

---

6. Accord, United States v. Board of Education, 332 F.2d 40, 46 (5th Cir. 1964); J. M. Fields, Inc. v. Kroger Co., 330 F.2d 686, 687 (5th Cir. 1964) (per curiam); United States v. Dogan, 314 F.2d 767, 772 (5th Cir. 1963); Detroit Football Co. v. Robinson, 283 F.2d 657, 659 (5th Cir. 1960); Dr. William Howard Hay Foundation v. Safety Harbor Sanatorium, 145 F.2d 661, 663 (5th Cir. 1944), cert. denied, 324 U.S. 877, 65 S.Ct. 1024, 89 L.Ed. 1429 (1945).

7. Indeed the Lanham Act specifically provides for this. See 15 U.S.C. Sec. 1116:
   The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, *according to the principles of equity and upon such terms as the court may deem reasonable* * * *. (Emphasis added).

8. 15 U.S.C. Sec. 1118 provides:
   In any action * * * in which a violation of any right of the registrant of a [trade]mark * * * shall have been established, the court *may* order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the [proscribed phrase] * * *, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed. (Emphasis added).

On its face the statute permits the trial court, in its discretion, to determine whether or not to order delivery and destruction.

9. 15 U.S.C. Sec. 1117 provides:
   When a violation of any right of the registrant of a [trade]mark * * * shall have been established * * *, the plaintiff shall be entitled, * * * *subject to the principles of equity*, to recover * * * (3) the costs of the action. * * * (Emphasis added.)
   Again the statute expressly leaves this determination to the discretion of the trial court. And significantly, the cases have generally stated that costs are allowable only where the wrongdoer's action is fraudulent, willful, or in bad faith. See Williamson-Dickie Mfg. Co. v. Davis Mfg. Co., 251 F.2d 924, 927 (3rd Cir. 1958); Esquire, Inc. v. Esquire Slipper Mfg. Co., 243 F.2d 540, 545 (1st Cir. 1957); Century Distilling Co. v. Continental Distilling Corp., 205 F.2d 140, 149 (3rd Cir. 1953), cert. denied, 346 U.S. 900, 74 S.Ct. 226, 98 L.Ed. 400 (1953). See also Local No. 149 v. American Brake Shoe Co., 298 F.2d 212, 215 n. 3 (4th Cir. 1962), cert. denied, 369 U.S. 873, 82 S.Ct. 1142, 8 L.Ed.2d 276 (1962). Here the trial court made no such finding.