438 F.2d 1226
 168 U.S.P.Q. 679
 WHEELABRATOR CORPORATION, Plaintiff-Appellant,
v.
James W. FOGLE and Southern Steel Shot, Inc., Defendants-Appellees.
No. 30821 Summary Calendar.*
* Rule 18, 5th Cir.; See Isbell Enterprises
v.
Citizens Cas. Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 Feb. 26, 1971.
 
 Richard Roob, New York City, John T. Guyton, Thomas J. Wyatt, Shreveport, La., for plaintiff-appellant.
 Pike Hall, Jr., Arthur R. Carmody, Jr., Shreveport, La., Thomas J. Macpeak, Washington, D.C., for defendants-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The court below refused to enjoin the defendants from using certain manufacturing processes claimed to be plaintiff's trade secrets in their operation of a new and similar manufacturing venture. The reported opinion contains a full discussion of the facts and law. 317 F.Supp. 633 (W.D.La.1970).
 
 
 2
 As the district court points out, this case is governed by the substantive law of Louisiana and its contours in this field are not well-defined. Standard Brands, Inc. v. Zumpe, 264 F.Supp. 254 (E.D.La.1967). Under the civil law of Louisiana, injunctive relief in such cases is equitable and discretionary. Louisiana Civil Code, Art. 21. See Standard Brands, Inc. v. Zumpe, supra, at n. 43, p. 271, and Young v. International Paper Co.,179 La. 803, 155 So. 231 (1934). The opinion in the case at bar was founded upon the correct concept of the rights of Wheelabrator Corporation and did not misconceive the import of the evidence.[1] Based upon the fact determinations set forth in that opinion, we cannot find that the district court abused its discretion in refusing injunctive relief. Frosty Co. v. Dr. Pepper Co., 361 F.2d 124 (5th Cir. 1966) and Aerosonic Corp. v. Trodyne Corp., 402 F.2d 223 (5th Cir. 1968).
 
 
 3
 Affirmed.
 
 
 
 [1]
 Cf. Pennington v. Drews, 212 La. 544, 33 So.2d 63 (1947), and Pullum v. Greene, 396 F.2d 251 (5th Cir. 1968)