# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2024

Lyle W. Cayce
Clerk

No. 23-11256

Beau Galyean,

*Plaintiff—Appellant*,

*versus*

Thomas Guinn,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CV-1287

Before Wilson and Douglas, *Circuit Judges*, and Vitter, *District Judge*.[*]

Per Curiam:[†]

Beau Galyean and Thomas Guinn purportedly entered an oral partnership agreement, the purpose of which "was to build a brand of horses that would be capable of earning high breeding fees." After ostensibly operating under the agreement for several years, Guinn repudiated the

---

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

partnership and refused to pay Galyean his share of breeding fees. Galyean sued. A jury found that the oral agreement existed and that by its terms "Galyean would manage and care for the Stallions, contribute money and property and incur losses for their care, ride the horses professionally, and in return Galyean received reimbursement for some costs, 50% of prize money from competitions and 25% of operational profits." The jury further found that Guinn breached the agreement and awarded Galyean $4.1 million in damages.

Guinn contended that even if an oral agreement existed, the statute of frauds invalidated it because, by its nature, the agreement could not be performed within one year. *See* TEX. BUS. & COM. CODE § 26.01(b)(6). The jury considered the statute-of-frauds issue as an advisory question[1] and found that the parties' agreement could conceivably be performed within one year. But the district court disagreed with the jury's advisory finding. The court concluded that the agreement could not be performed within one year and held that it therefore violated the statute of frauds. The district court entered a take-nothing judgment in favor of Guinn, spurring this appeal.

Our "review of a judgment of the district court sitting with an advisory jury is under the clearly erroneous standard." *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071–72 (5th Cir. 1985). We review "the court's judgment as though no jury had been present" because "[a]n advisory jury does no more tha[n] advise the judge," leaving "the ultimate responsibility for finding the facts . . . with the court." *Frostie Co. v. Dr. Pepper Co.*, 361 F.2d 124, 126 (5th Cir. 1966).

---

[1] Though it is unclear from the record whether the statute-of-frauds question was submitted to the jury in an advisory capacity, Galyean concedes that it was, such that the district court owed no deference to the jury's finding.

No. 23-11256

On appeal, Galyean maintains that the district court's ruling rests upon a misapplication of Texas law because the district court impermissibly considered extrinsic evidence and the agreement's purpose rather than solely looking to its terms as found by the jury. And he contends that it was clear error for the district court to reject his assertion that the agreement included a sale term and thus satisfied the statute of frauds. Guinn counters that even if the district court erred in finding the Texas statute of frauds barred Galyean's claims, we should affirm on the grounds that Galyean failed to offer legally sufficient proof of partnership formation and lost profit damages.

We have carefully considered this appeal in light of the briefs, oral argument, and pertinent portions of the record. Having done so, we find no reversible error that would affect the judgment of the district court. *See Chase v. Hodge*, 95 F.4th 223, 229 (5th Cir. 2024); *Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982) (per curiam). We therefore AFFIRM.