Hubert MORELOCK et al.,
Plaintiffs-Appellants,

v.

The NCR CORPORATION,
Defendant-Appellee.

Nos. 75–2220, 75–2282.

United States Court of Appeals,
Sixth Circuit.

Argued June 16, 1976.

Decided Dec. 20, 1976.

684

John B. Huber, Dayton, Ohio, for plaintiffs-appellants.

Thomas J. Harrington, Pickrel, Schaefer & Ebeling, Gordon H. Savage, Dayton, Ohio, Robert E. Signom, II, Legal Dept., NCR Corp., Dayton, Ohio, for defendant-appellee.

Before WEICK and ENGEL, Circuit Judges, and LAMBROS,* District Judge.

* The Honorable Thomas D. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

LAMBROS, District Judge.

This is an appeal from an action instituted pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1970). Essentially, the complaint charged that the NCR Corporation (NCR) did not maintain a bona fide seniority system[1] at its Dayton, Ohio facilities.

On the ground that this was an equitable action, NCR moved to strike the Appellants' jury demand. The District Court overruled this motion and the case was tried to a jury, with a verdict being returned in favor of the Appellants on April 1, 1975. Upon motion by NCR the District Court granted a judgment notwithstanding the verdict and a conditional new trial in favor of NCR.

Appellants appeal from the order of the District Court granting judgment notwithstanding the verdict. NCR cross-appeals as to the propriety of a jury trial in actions brought under the ADEA. For the reasons stated below we find that the District Court erred in overruling NCR's motion to strike the Appellant's jury demand. As this case was properly triable in its entirety in the District Court without a jury, we remand this case for findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.

■ In 1938 actions at law and suits in equity were merged into a single "civil action".[2] While this merger abolished the procedural distinction between these actions, the substantive distinctions have been retained for purposes of determining issues triable by jury. Kennedy v. Lakso, 414 F.2d 1249, 1251 (3rd Cir. 1969). The basic principle remains that a civil action in the nature of an action at law is triable to a jury, while one in the nature of a suit in equity is properly tried to the court. See Kennedy v. Lakso, supra, at 1251.

■ As a result of the 1938 merger, the federal courts must often determine the right to a jury trial in actions which present mixed questions of law and equity within the context of a single case. This right, guaranteed by the Seventh Amendment "[i]n suits at common law, where the value in controversy shall exceed twenty dollars," has been preserved[3] and extended to apply to actions enforcing contemporary statutory rights, so long as the statute creates legal rights and remedies enforceable in an action for damages in the ordinary courts of law. See e.g. Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). However, the mere fact that a monetary award is an incident of the relief requested does not mandate that an action be characterized as legal rather than equitable. See e.g., Curtis v. Loether, supra at 196, 94 S.Ct. 1005; Slack v. Havens, 522 F.2d 1091, 1094 (9th Cir. 1975). In certain actions monetary relief is an integral part of an equitable action to which the Seventh Amendment is inapplicable. See e.g. Slack v. Havens, supra at 1094; Wirtz v. Jones, 340 F.2d 901, 904 (5th Cir. 1965). The propriety of jury trials in cases presenting such mixed questions of law and equity is determined by the nature of the issue to be tried. Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

Appellants allege violations of § 623 of the ADEA. This section provides in pertinent part:

§ 623. (a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would de-

---

1. 29 U.S.C. § 623(f) (1970) provides in pertinent part:

It shall not be unlawful for an employer, employment agency, or labor organization—
(2) to observe the terms of a bona fide seniority system or any bona fide employee

benefit plan . . . which is not a subterfuge to evade the purpose of this chapter.

· · ·

2. Rule 2, Fed.R.Civ.P.

3. Rule 38, Fed.R.Civ.P.

prive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this chapter.

The applicable enforcement provisions of the ADEA invoked by the Appellants are set forth in § 626:

§ 626. (b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation, judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.

Pursuant to these provisions Appellants sought relief from the trial court in the form of reinstatement with back pay and benefits, a preliminary and permanent injunction enjoining NCR from discriminating against any and all of the Appellants because of their age, and compensatory, punitive and liquidated damages.[4] In order to determine the nature of the issue to be tried in this case, and therefore the propriety of a jury trial, it is necessary to evaluate the ADEA, and particularly § 626, in view of the relief requested by the Appellants.

The ADEA is an offspring of the Civil Rights Act of 1964.[5] Enacted in 1967, the express purpose of the Act is to promote the "employment of older persons based on their ability rather than age" and to prohibit "arbitrary age discrimination".[6] The prohibitions of the ADEA are in terms virtually identical to those of Title VII of the Civil Rights Act of 1964,[7] except that "age" has been substituted for "race, color, religion, sex or national origin." *Hodgson v. First Federal Sav. & L. Ass'n of Broward Co., Fla.,* 455 F.2d 818, 820 (5th Cir. 1972). The similarities between Title VII and the ADEA are "hardly accidental", and although it may be inappropriate to simply borrow and apply the standards of Title VII to the ADEA automatically, an analogous application of such standards should not be disregarded. See *Laugesen v. Anaconda Co.,* 510 F.2d 307, 311 (6th Cir. 1975). An

---

4. Two of the five Appellants have never been laid off, demoted or otherwise had their position, or the work performed thereunder, altered.

5. See, H.R.Rep. No. 805, 1967 U.S.Code Cong. and Admin.News p. 2213 *et seq.* Also see,

S.Rep. No. 872, 1964 U.S.Code Cong. and Admin.News p. 2355, 2408.

6. 29 U.S.C. § 621(b) (1970).

7. 42 U.S.C. § 2000e–1 et seq. (1970).

analysis of the ADEA, therefore, necessarily requires some discussion of Title VII.

The enforcement provisions of Title VII are set forth in 42 U.S.C. § 2000e–5. This section provides *inter alia* for a two-tier system of enforcement by which aggrieved individuals initially seek redress through the Equal Employment Opportunities Commission, with the right reserved to proceed in private civil litigation should such individual be dissatisfied with the Commission's efforts. These enforcement provisions are modeled after those of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(c) (1970), which has as its objective the vindication of the public interest by making employees whole for losses suffered through unfair labor practices. See *Mims v. Wilson*, 514 F.2d 106, 110 (5th Cir. 1975). The provisions of § 2000e–5 have been modified from those of the NLRA in order to permit private civil actions to redress violations of Title VII. However, the basic thrust of Title VII, like the NLRA, is remedial in nature and is directed at the consequences of unfair employment practices. See *Palmer v. General Mills, Inc.*, 513 F.2d 1040 (6th Cir. 1975).

The function of the Court in dealing with violations of Title VII is provided in 42 U.S.C. § 2000e–5(g):

(g) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate.

Private actions pursuant to this section have been held to be equitable in nature and therefore not triable by jury.[8] See e.g. *McFerren v. County Board of Ed. of Fayette Co.*, Tenn., 455 F.2d 199 (6th Cir. 1972); *King v. Laborers Internat. U. of No. America, Local 818*, 443 F.2d 273 (6th Cir. 1971). The monetary relief available under this section in the form of back pay is an integral part of the equitable remedy of reinstatement, and is a form of restitution, not damages. See e.g. *E.E.O.C. v. Detroit Edison Co.*, 515 F.2d 301 (6th Cir. 1975).

Although the prohibitory provisions of Title VII and the ADEA are in terms identical, the enforcement sections of these acts differ. The enforcement provisions of § 626 of the ADEA essentially follow those of the Fair Labor Standards Act (FLSA).[9] These enforcement provisions replaced those in the original congressional bill, which had provided for enforcement provisions similar to those of the NLRA.[10] The effect of this modification is to allow individuals, as well as the Secretary of Labor, to seek remedies through court action.[11] The applicable provisions of the FLSA are found in 29 U.S.C. §§ 216, 217 (1970) which provide in pertinent part:

---

8. In discussing actions pursuant to 42 U.S.C. § 2000e–5(g), the United States Supreme Court in *Curtis v. Loether, supra,* 415 U.S. at 267, 94 S.Ct. 1005, observed, in dicta, that the language of this section, authorizes an equitable action for reinstatement and back pay, as opposed to an action for damages, which is inappropriate for trial by jury. The Supreme Court further noted that this language committed the decision to award back pay to the discretion of the trial judge, and that such an award in fact constitutes funds wrongfully withheld from the plaintiff. See also *Slack v. Havens, supra.*

9. 29 U.S.C. § 201 *et seq.* (1970). The enforcement provisions of the ADEA also include subsection (c) of 29 U.S.C. § 626.

10. 29 U.S.C. § 160 *et seq.*

11. See H.R.Rep. No. 805, 1967 U.S.Code Cong. and Admin.News p. 2213, 2218. The legislative history of Title VII and the ADEA demonstrates that although the express enforcement provisions of these acts differ, the provisions of each act originated in the NLRA and were respectively modified in order to permit individuals to seek relief through civil litigation. It has been observed that the primary burden of enforcing equal employment statutes is on the private plaintiff. *Romasanta v. United Airlines, Inc.*, 537 F.2d 915 (7th Cir. 1976).

§ 216. (b) Any employer who violates the provisions of section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . . . The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under Section 217 of this title in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation.

§ 217. The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraining of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter . . . ·

 Addressing § 217 initially, actions by the Secretary of Labor pursuant to this section have been held to be equitable in nature and exclusively within the province of the court. E.g. *Paradise Valley Investigation and Patrol Services, Inc. v. Dunlop,* 521 F.2d 1342 (9th Cir. 1976); *Geyer Broadcasting Co. v. Holder,* 14 Fed.Rules Serv.2d 621 (7th Cir. 1970); *Sullivan v. Wirtz,* 359 F.2d 426 (5th Cir. 1966). The purpose of § 217 is to correct a continuing offense against the public interest by assuring effective and uniform compliance with and adherence to the public policy relating to wage standards set forth in the FLSA.

See e.g. *Wirtz v. Atlas Roofing Mfg. Co.,* 377 F.2d 112 (5th Cir. 1967); *Wirtz v. Jones, supra; Wirtz v. Ocala Gas Co.,* 336 F.2d 236 (5th Cir. 1964). The enforcement of a monetary award as an incident to injunctive relief in actions under § 217 is simply a part of the reasonable and effective means of bringing about compliance with the FLSA. *Wirtz v. Jones, supra.*

Pursuant to § 216(b) individuals are permitted to proceed in private civil actions to redress violations of the FLSA. Such actions have been characterized as actions at law, and, on proper demand, triable before a jury. See e.g. *Wirtz v. Jones, supra.* However, the provisions of § 216(b) must be considered in conjunction with those of 29 U.S.C. § 626(c) in order to ascertain the nature of the issues presented in individual actions under the ADEA.[12] Section 626(c) provides that "[a]ny person aggrieved may bring a civil action . . . for such legal or equitable relief as will effectuate the purposes of this chapter."

 The terms of this section serve to expand the individual's power to proceed in private civil actions beyond that afforded him by § 216(b) of the FLSA. In actions pursuant to § 216(b) individuals are limited to seeking legal remedies and are precluded from obtaining injunctive relief. See *Powell v. Washington Post Co.,* 105 U.S.App. D.C. 374, 267 F.2d 651 (1959); *Roberg v. Henry Phipps Estate,* 156 F.2d 958 (2d Cir. 1946); *Bowe v. Judson C. Burns, Inc.,* 137 F.2d 37 (3rd Cir. 1943). Section 626(c) gives individuals the right to seek equitable as well as legal relief. Effectively, § 626(c) of the ADEA supplements the provisions of § 216(b) of the FLSA as to permit individuals to seek the same remedies for violations of the ADEA as are available to the Secretary of Labor.[13]

 In "any action" involving violation of the ADEA the provisions of 29 U.S.C. § 626(b) empower the Court to

---

**12.** Statutes should not be construed in such a fashion as to render certain provisions superfluous or insignificant. *Zeigler Coal Co. v. Kleppe,* 536 F.2d 398 (D.C.Cir. 1976).

**13.** See 29 U.S.C. § 217.

"grant such legal or equitable relief as . . . appropriate to effectuate the purposes of this chapter, including without limitation . . . employment, reinstatement or promotion, . . . or amounts deemed . . . unpaid minimum wages or unpaid overtime compensation." [14] The scope of power and the degree of discretion vested in the Court by these provisions parallel that provided the Court in actions pursuant to 29 U.S.C. § 217 and 42 U.S.C. § 2000e–5. Such discretion and power have been important factors in the characterization of an action as being equitable in nature.[15] Appellants' action in this case [16] is basically for reinstatement and injunctive relief. Such an action necessarily invokes the broad powers of the Court and is essentially equitable in nature. The monetary relief sought by the Appellants is the equivalent of funds allegedly wrongfully withheld from them by NCR in the past, and is an integral part of the basic equitable claim for reinstatement. Accordingly, the issues to be tried in this case are equitable in nature, directly analogous to the equitable issues pursued in actions under 29 U.S.C. § 217 and 42 U.S.C. § 2000e–5, and not suitable for trial by jury.[17]

■■■■ As no constitutional right to a jury trial existed in this action, the jury impaneled by the District Court was, in effect, an advisory one. *Hyde Properties v. McCoy,* 507 F.2d 301 (6th Cir. 1974).[18] When an advisory jury is used, the ultimate responsibility for findings of fact and conclusions of law remains with the district court. See *Hyde Properties v. McCoy, supra; Frostie Co. v. Dr. Pepper Co.,* 361 F.2d 124 (5th Cir. 1966); *Mallory v. Citizens Utilities Co.,* 342 F.2d 796 (2d Cir. 1965). Where the district court fails to provide findings of fact and conclusions of law, the proper procedure is to vacate the judgment and remand the case for such findings. *Armstrong v. Collier,* 536 F.2d 72, 77 (5th Cir. 1976).[19] Accordingly, we remand this

14. The language of 29 U.S.C. § 626(b) "such legal or equitable relief as will effectuate the purposes of this chapter" is repeated in 29 U.S.C. § 626(c) regarding the remedies available to individuals in actions brought under this section.

15. See N. 8, *supra.*

16. The ADEA is not to be applied formalistically, but on a case by case basis. See *Laugesen v. Anaconda Co., supra* at 312 n. 4.

17. The right to trial by jury in which an individual seeks purely legal damages under the ADEA is not before the Court in this case. It has been held that in such a situation the individual is entitled to a jury trial. *Chilton v. NCR Co.,* 370 F.Supp. 660 (S.D.Ohio 1974). We note, however, that the *Chilton* case did not consider either the ADEA's close similarity with Title VII or the import of 29 U.S.C. § 626(c). See *Laugesen v. Anaconda Co., supra* at 312 n. 12.

18. After the decision in the *Hyde Properties v. McCoy* case had been circulated and approved by the three judges constituting the panel, the Court was notified through the Clerk that the parties were engaged in efforts to settle their differences. At that time, however, the Clerk had not received a formal notification of settlement from the parties. In the absence of such notification the opinion of the Court was forwarded to the printer for publication. Subsequent to that time, but before the release of the printed opinion, the Court received formal notification of settlement from the parties. Accordingly, the *Hyde Properties v. McCoy* does not have full precedential effect before this Court. However, we find it persuasive in the instant case.

19. It is well settled that Rule 52(a), Fed.R. Civ.P., is not a jurisdictional requirement for appeal, and that where there is a sufficient basis for the appellate court to consider the merits of the case remand is not required. See *King v. Commissioner of Internal Revenue,* 458 F.2d 245, 249 (6th Cir. 1972); *Armstrong v. Collier, supra* at 77. However, remand is particularly appropriate in the case at bar. This case involves a very complex seniority system which was the result of many years of collective bargaining experience. In evaluating cases presenting such seniority systems the courts must look beyond what may be facially neutral policies and view such systems in light of their effect in operation, not in the abstract. Cf. *Laugesen v. Anaconda Co., supra.* See *EEOC v. Detroit Edison Co.,* 515 F.2d 301 (6th Cir. 1975); *Jersey Central Power & Light Co. v. Local Unions of Intern. Broth. of Elec. Workers,* 508 F.2d 687 (3rd Cir. 1975). Findings of fact and conclusions of law are appropriate in such cases not only to assist the trial court in the adjudicatory process, but also to assist the appellate court in reviewing such complex evaluations.

case to the District Court for findings of fact and conclusions of law in accordance with Rule 52, Fed.R.Civ.P.[20]

---

**20.** In view of the disposition of this case we find it unnecessary to address the remaining issues presented by this appeal.