Catherine H. POSTEMSKI

v.

**PRATT & WHITNEY AIRCRAFT, a Division of United Technologies Corporation.**

**Civ. No. H–76–437.**

United States District Court,
D. Connecticut.

Sept. 28, 1977.

Frederick W. Odell, John R. Graham, Jr., Wethersfield, Conn., for plaintiff.

John R. Fitzgerald, Howard, Kohn, Sprague & Fitzgerald, Hartford, Conn., Peter F. Healey, Scott J. Wenner, Reed, Smith, Shaw & McClay, Washington, D. C., for defendant.

## RULING ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

CLARIE, Chief Judge.

The defendant has moved to dismiss certain paragraphs of the complaint pursuant to Rule 12, Fed.R.Civ.P., on the following grounds: (1) the Court lacks subject matter jurisdiction over the plaintiff's prayers for recovery of backpay and related benefits and damages for mental suffering; and (2) these requests do not present claims upon which relief can be granted. The defendant has also moved pursuant to Fed.R. Civ.P. 39(a)(2) to strike plaintiff's demand for a jury trial on the ground that a right of trial by jury does not exist to consider the issues in this case. The Court finds that the defendant's motion should be granted limiting the recovery period, denying damages for mental suffering and denying a jury trial.

### Recovery of Backpay

Plaintiff has worked continuously for the defendant from 1957 to the present. The complaint asserts that the defendant, "during the period March 16, 1968 to the present, willfully delayed and denied to the plaintiff promotions and employment opportunities leading to promotion solely because of her age," in violation of the Age Discrimination in Employment Act. (ADEA). The plaintiff contends that beginning March 16, 1968, she held positions in the Information Systems Department classified under defendant's job classification system as grade 43, although she was performing grade 45 work. The plaintiff seeks in her second prayer for relief an award of backpay differential for the period from March 16, 1968, when plaintiff first was assigned and performed grade 45 work as a grade 43 to August 1, 1972, when she was promoted to grade 45; together with all other benefits including commensurate pension rights, which would have accrued to the plaintiff during said period, but for the alleged discrimination by the defendant.

The latter's motion to dismiss this second prayer for relief rests upon the language of 29 U.S.C. § 626(d), which provides in relevant part:

"No civil action may be commenced by an individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice

occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier."

Connecticut does have an age discrimination law, Conn.Gen.Stat. §§ 31–122 through 31–128. Thus the three hundred day notice limitation of § 626(d) would apply.

As this Court noted in *Goodman v. Heublein, Inc.*, 12 E.P.D. ¶ 11,190, 13 F.E.P. 26 (D.Conn.1976), any action for relief of claims arising prior to the three hundredth day preceding plaintiff's filing of her notice of intention to sue would be barred by the prerequisite time limitations set forth in the Act, in the absence of compelling equitable considerations warranting a contrary result. *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir.) *cert. granted*, 429 U.S. 1089, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977); *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975).

Plaintiff states that she filed her notice of intent to sue with the Department of Labor on July 12, 1976. Therefore, plaintiff's claims arising prior to September 15, 1975 (the three hundredth day) are barred by the statute as no equitable factors which would alter the general rule have been alleged. Consequently, the Court grants defendant's motion to dismiss plaintiff's second prayer insofar as it relates to claims arising prior to September 15, 1975.

### Damages for Mental Suffering

■ The plaintiff seeks an award of damages for mental suffering resulting from defendant's discriminatory conduct. Although some district courts have allowed such awards, *Combes v. Griffin Television, Inc.*, 421 F.Supp. 841, 847 (W.D.Okl.1976); *Bertrand v. Orkin Exterminating Co.*, 419 F.Supp. 1123, 1132–33 (N.D.Ill.1976); *Murphy v. American Motor Sales Corp.*, 410 F.Supp. 1403, 1405 (N.D.Ga.1976), these courts relied heavily for their position upon the district court opinion in *Rogers v. Exxon Research & Engineering Co.*, 404 F.Supp. 324 (D.N.J.), which was later reversed on appeal. *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3d Cir. 1977).

This Court concludes that "the intent of the framers of the act simply was not to create a statutory tort for which the full panoply of legal and equitable remedies is available." *Looney v. Commercial Union Assur. Companies*, 428 F.Supp. 533, 537 (E.D.Mich. S.D.1977). Accordingly, the defendant's motion to dismiss the plaintiff's prayer for recovery of damages for mental suffering is granted.

### Jury Trial

■ Plaintiff has demanded that her case be tried before a jury. This Court finds the conclusion of the Sixth Circuit in *Morelock v. NCR Corp.*, 546 F.2d 682 (6th Cir. 1976), that there is no right to a jury trial under the ADEA, to be persuasive. The Court's characterization of the suit in *Morelock* applies with equal force to the instant case:

" . . . [plaintiff's] action in this case is basically for reinstatement and injunctive relief. Such an action necessarily invokes the broad powers of the Court and is essentially equitable in nature. The monetary relief sought by the . . [plaintiff] is the equivalent of funds allegedly wrongfully withheld . . . by . . . [defendant] in the past, and is an integral part of the basic claim for reinstatement. Accordingly, the issues to be tried in this case are equitable in nature, directly analogous to the equitable issues pursued in actions under 29 U.S.C. § 217 and 42 U.S.C. § 2000e–5, and not suitable for trial by jury." *Morelock, supra*, 546 F.2d at 689 (footnotes omitted).

Consequently, the plaintiff's demand for jury trial is denied. SO ORDERED.