Sylvia ALTMAN, also known as Sylvia
A. Ottman, Plaintiff,

v.

STEVENS FASHION FABRICS, a
Division of the Singer Company,
and Alfred Weber, Defendants.

No. C–77–1396–CBR.

United States District Court,
N. D. California.

Dec. 5, 1977.

Susan Y. Illston, Iathan T. Annand, Cotchett, Hutchinson & Dyer, San Mateo, Cal., for plaintiff.

Jean C. Gaskill, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants.

## ORDER ON MOTIONS

RENFREW, District Judge.

Plaintiff filed this lawsuit on June 29, 1977, seeking damages and attorney's fees under the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Plaintiff claims that male employees of defendant Stevens Fashion Fabrics ("Stevens") earned more money than she did for substantially equivalent work and that Stevens retaliated against her for filing charges with the Equal Opportunity Employment Commission ("EEOC"). Plaintiff exhausted her administrative remedies with the EEOC and obtained from the EEOC a right-to-sue letter on March 30, 1977.

Defendants have not answered the complaint, but they have filed a motion seeking (1) to strike plaintiff's claim for compensatory damages under Title VII, (2) to dismiss plaintiff's claim against defendant Alfred Weber, who was President of Stevens at the time the alleged discrimination against plaintiff occurred, and (3) to strike plaintiff's demand for a jury trial. The parties have briefed the issues raised by defendants' motion, and the Court heard oral argument on October 6, 1977. After careful consideration, the Court has decided to grant defendants' motion in part and to deny it in part as described below.

## A. Compensatory Damages

■ Plaintiff conceded at oral argument that the remedial provisions of Title VII, 42 U.S.C. § 2000e–5(g), did not authorize recovery for emotional and physical damages sought in the prayer for relief of her complaint. Her prayer for that relief under Title VII must therefore be stricken.

■ Plaintiff said through her attorney at oral argument that she wanted to preserve her claim for such damages under the EPA, and she argued in her reply brief that liquidated damages under the EPA are in effect compensatory. The EPA does not authorize the recovery of compensatory damages in addition to liquidated damages, and the Court does not understand plaintiff to so argue. Plaintiff may be entitled under 29 U.S.C. §§ 216(b) and 206(d)(3) to liquidated damages in the amount of wages denied to her in violation of the EPA. The Court has discretion to award all, some, or none of those liquidated damages, 29 U.S.C. § 260 and p. 1323, infra, and it must exercise its discretion under § 260 depending not on her actual emotional and physical injuries but on defendants' good faith and reasonableness. The monetary value of plaintiff's emotional and physical harm is therefore not relevant to the amount of recovery on her EPA claim.

## B. Dismissal of Claim against Weber

Alfred Weber is presently the President of Stevens and plans to retire on February 14, 1978, when his employment contract expires and when he intends to sever his relationship with Stevens. Defendants have moved to dismiss the claim against him on the grounds that an agent is not personally liable for the contractual obligations of his principal and that the presence of Mr. Weber therefore "serves no purpose" in this lawsuit.

■ The literal language of Title VII and the EPA makes Weber liable for the discriminatory employment practices of his company. Under § 2000e(b), "[t]he term 'employer' means [a company employing 15 or more employees for each working day in 20 or more weeks per year], and any agent of such a [company]." Section 2000e–5(g) authorizes the court to award backpay to a victim of employment discrimination "payable by the employer * * * responsible for the unlawful employment practice."

Section 3(d) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee * *," a definition which defendants implicitly concede includes Weber, and 29 U.S.C. § 216(b) makes "[a]ny employer" who violates the FLSA or EPA liable to the injured employee.

Defendants have suggested no persuasive reason why this language does not mean what it says. Although an agent may not be liable for his principal's contractual obligations negotiated by that agent, any liability to plaintiff for back pay is a statutory, not contractual, liability. Plaintiff's contract may provide part of the measure of damages for employment discrimination, but the liability is created by statute, not by the contract. Nor have defendants cited any portion of the legislative history of the EPA, FLSA, or Title VII that indicates that the monetary liability of corporate officers is any more limited than the language of the statutes suggests.

Plaintiff alleges and defendants concede that Weber was instrumental in initiating and maintaining the employment relationship between Stevens and plaintiff. That distinguishes Wirtz v. Pure Ice Co., 322 F.2d 259 (8 Cir. 1963), where the Court of Appeals held that the relationship between a corporate officer who was also a dominant shareholder and an injured employee was not sufficiently close to create personal liability under the FLSA. While this court has previously held that "the Equal Pay Act does not create a cause of action against the executives or administrators of a corporation and that the employer alone * * * may be sued under it," N.O.W., Inc. v. President and Board of Trustees of Santa Clara College, Civ. No. C–75–0124–AJZ, at 11 n. 1 (N.D.Cal. August 7, 1975), that case is easily

distinguishable from the present case in that there the defendants dismissed were not persons who dealt directly with the aggrieved plaintiff.

 Stevens may well be capable of satisfying by itself any money judgment in favor of plaintiff, but no more than the financial standing of a defendant is relevant to the computation of compensatory damages, *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9 Cir. 1977), does the financial standing of one defendant affect the joint liability of another. Defendants concede that under Title VII a corporate officer is a proper defendant for purposes of equitable relief, and they identify no basis in the statute for limiting the statutory liability of corporate officers according to the type of relief sought against them.[1] Indeed, individual liability of officers directly involved may deter violations of Title VII[2] and may facilitate the compensatory purposes of Title VII when the corporation is bankrupt or otherwise unable to satisfy a judgment.

 Whatever the Court's feelings about the fairness of or need for suing Weber personally, it lacks the legal authority to dismiss a proper party merely because he is not necessary or indispensable to the litigation. If defendants develop an adequate evidentiary showing that Weber's lack of involvement or culpability or bad faith in the alleged discrimination against plaintiff is slight, the Court may exercise its discretion under 42 U.S.C. § 2000e–5(g) and 29 U.S.C. § 260 to limit defendant Weber's liability for liquidated damages and other relief, as was done in *N.O.W., Inc. v. Presi-*

dent and Board of Trustees of Santa Clara College, supra, at 10–11. That discretion does not extend to defendants' liability for illegally withheld wages under the EPA. See p. 1322, *infra.* Such a determination would be premature at this stage of this litigation.

### C. Jury Trial

 Plaintiff is entitled to a jury trial on the question of backpay under the EPA, but the issue of liquidated damages must be tried to the Court.

The EPA was enacted as part of the FLSA, 29 U.S.C. § 201 *et seq.,* and Congress decided that it should be enforced according to the provisions of the FLSA. 29 U.S.C. § 206(d)(3). The liability section of the FLSA provides:

"Any employer who violates the provisions of section 206 or section 207 of this title *shall* be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added).

Under 29 U.S.C. § 260, § 11 of the Portal-to-Portal Act, the award of liquidated damages is made discretionary with the court.[3]

The Court concludes that plaintiff has a right to jury trial on the issue of back pay for several reasons.

 First, private actions for backpay by employees under the FLSA have long been held to include a right to trial by jury. See, e.g., *Wirtz v. Jones,* 340 F.2d 901, 904 (5 Cir. 1965); *Lewis v. Times Pub. Co.,* 185

---

1. Because the FLSA does not authorize injunctive relief in individual actions, see p. 7, *infra,* no analogy between the FLSA and Title VII exists in this regard.

2. Indemnification of corporate officers for intentional illegal conduct is *generally prohibited* as a matter of public policy. *See, e.g.,* Cal. Corp.Code § 317; 13 Fletcher Cyclopedia of Private Corporations §§ 6045.1–6045.3 (Wolf ed. 1970).

3. Section 260 provides:

"In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."

F.2d 457 (5 Cir. 1950); *Olearchick v. American Steel Foundries,* 73 F.Supp. 273 (W.D. Pa.1947). When Congress chose to make the EPA enforceable according to the provisions of the FLSA, it must be presumed to know that actions for backpay under the FLSA included jury trials. *Wirtz v. Jones, supra,* 340 F.2d at 904, *quoting Wirtz v. Robert E. Bob Adair, Inc.,* 224 F.Supp. 750, 755 (W.D.Ark.1963).

■ Second, the lack of discretion concerning award of backpay under the FLSA indicates that EPA plaintiffs have a right to jury trial. The language of 29 U.S.C. § 216(b) is unambiguously mandatory: Employees "shall" recover the amount of their illegally withheld wages. The discretion created by § 260 extends only to liquidated damages, not to back pay. *See McClanahan v. Mathews,* 440 F.2d 320, 322 (6 Cir. 1971). In deciding whether plaintiffs have a right to jury trial in discrimination cases, courts have relied heavily on the discretionary nature of the remedy. In *Curtis v. Loether,* 415 U.S. 189, 197, 94 S.Ct. 1005, 1010, 39 L.Ed.2d 260 (1974), the Supreme Court concluded that plaintiffs in suits under § 812 of the Civil Rights Act of 1968, 42 U.S.C. § 3612, have a constitutional right to trial by jury in part because the award of actual damages follows automatically from a finding of unlawful discrimination. In contrast to the discretionary award of backpay in Title VII cases, "[t]here is no comparable discretion here: if a plaintiff proves unlawful discrimination and actual damages, he is entitled to judgment for that amount." *Id.* In deciding that Title VII plaintiffs and defendants have no constitutional right to jury trial, the Court of Appeals for the Ninth Circuit stressed the contrast between "the mandatory nature of the § 812 award

with the discretionary nature of the award of back pay under Title VII * * *." *Slack v. Havens,* 522 F.2d 1091, 1094 (9 Cir. 1975). The discretionary nature of all remedies in suits under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* has also been an "important factor" in determining whether ADEA litigants have a right to trial by jury.[4] *Morelock v. NCR Corp.,* 546 F.2d 682, 689 & n. 15 (6 Cir. 1976).

■ Third, only monetary relief is available in private suits under the FLSA, *id.,* 546 F.2d at 688 (dictum) and cases cited therein, and courts have been more willing to deny the right to jury trial where the awards of monetary relief and more purely equitable relief, like reinstatement, have been combined. For example, the possibility of recovery of backpay, a monetary and typically legal remedy, in Title VII cases does not require a jury trial on that issue because "the award of back pay is an integral part of the equitable remedy of reinstatement (*see Albemarle Paper Co. v. Moody* (1975) 422 U.S. 405, 421–425, 95 S.Ct. 2362, 45 L.Ed.2d 280) * * *." *Slack v. Havens, supra,* 522 F.2d at 1094. Cases denying a right to jury trial in ADEA cases are distinguishable from EPA cases on this ground as well because 29 U.S.C. § 626(b) provides for equitable remedies, including specific performance of employment contracts and reinstatement, in addition to backpay.

■ Finally, an action for backpay, despite some equitable characteristics, can fairly be described as legal. *See Paradise Valley Investigation & Patrol Services, Inc. v. United States District Court,* 521 F.2d 1342, 1343 (9 Cir. 1975) (dictum); *Wirtz v.*

---

4. Although the ADEA, like the EPA, is enforced according to the provisions of the FLSA, the Court has discretion with respect to *all* relief, including backpay, under 29 U.S.C. § 626(b):

"In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability

for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section."

*See Morelock v. NCR Corp.,* 546 F.2d 682, 688–689 (6 Cir. 1976). The ADEA remedy is not equivalent to the FLSA or EPA backpay remedy and is more analogous to the Title VII remedy. Thus denial of the right to jury trial under the ADEA does not require the same result under the FLSA or EPA.

*Jones, supra,* 340 F.2d at 904 (private actions for backpay under FLSA "are analogous to actions at law, e.g. debt or assumpsit"). Although monetary relief may not necessarily be legal, *cf. Curtis v. Loether, supra,* 415 U.S. at 196, 94 S.Ct. 1005, an action for the recovery of a money judgment is at least presumptively one at law. *See Whitehead v. Shattuck,* 138 U.S. 146, 151, 11 S.Ct. 276, 34 L.Ed. 873 (1891).

 Unlike the award of backpay, the award of liquidated damages under the EPA should be made by the Court. *McClanahan v. Mathews, supra,* 440 F.2d at 322; *Hannon v. Continental National Bank,* 427 F.Supp. 215, 219 (D.Colo.1977). *Contra, Lewis v. Times Publishing Co.,* 185 F.2d 457 (5 Cir. 1950); *see* Note, The Right to Jury Trial Under the Age Discrimination in Employment and Fair Labor Standards Acts, 44 U.Chi.L.Rev. 365, 387 n. 129 (1977). Different treatment of backpay and liquidated damages is justified because the element of discretion in awards of liquidated damages under § 260 of Title 29 suggests that they should be tried to the Court, *see* p. 1322, *supra.* Furthermore, the decision to award all or part or none of the possible liquidated damages must be made in a consistent manner according to the purposes of the EPA and the Portal-to-Portal Act, balancing the interests of the victim with the culpability of the employer, *cf. Albemarle Paper Co. v. Moody,* 422 U.S. 405, 417–422, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (need for and review of "consistent and principled application" of remedial provisions of Title VII), and the limited control of jury awards by the courts could permit this goal to be undermined.

As a result, plaintiff's claim for backpay will be tried to a jury and her claim for liquidated damages to the Court. *See Chilton v. National Cash Register Co.,* 370 F.Supp. 660, 665–666 (S.D.Ohio 1974) (same bifurcation in ADEA cases).

Accordingly, IT IS HEREBY ORDERED that defendants' motion to strike plaintiff's prayer for recovery of emotional and physical damages under Title VII is granted.

IT IS HEREBY FURTHER ORDERED that defendants' motion to dismiss the claim against defendant Weber is denied.

IT IS HEREBY FURTHER ORDERED that defendants' motion to strike plaintiff's demand for jury trial on her claim for backpay under the EPA is denied.

IT IS HEREBY FURTHER ORDERED that defendants' motion to strike plaintiff's demand for jury trial on her claim for liquidated damages under the EPA is granted.