EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

THOMAS J. LIPTON, INC., d/b/a Good
Humor Corporation, Defendant.

Civ. A. No. 81–3200.

United States District Court,
D. New Jersey.

Nov. 15, 1982.

W. Hunt Dumont, U.S. Atty. by John O'Farrell, Asst. U.S. Atty., Newark, N.J., Robert L. Williams and Larry Besnoff, E.E. O.C., Philadelphia, Pa., for plaintiff.

Pitney, Hardin, Kipp & Szuch by Gregory C. Parliman and Jill Lerner, Morristown, N.J., for defendant.

OPINION

SAROKIN, District Judge.

In its amended complaint, plaintiff has made a demand for a jury trial, pursuant to Fed.R.Civ.P. 38. Defendant, arguing that the EEOC is not entitled to a jury trial in suits filed by it under the ADEA, moves to strike that demand. Plaintiff defends its right to a trial by jury on two grounds. First, defendant's motion to strike the demand has not been timely made; and, second, the right of the EEOC to a trial by jury is guaranteed by statute.

TIMELINESS OF DEFENDANT'S MOTION

Rule 39(a) of the Federal Rules of Civil Procedure provides that

> (a) When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some-or all of those issues does not exist under the Constitution or statutes of the United States.

Thus, the rule specifies alternative ways by which an action may be stricken from the jury calendar and transferred to the court calendar. The request to strike the jury trial demand may be made upon motion by a party, *see, e.g., Ralph Blechman, Inc. v. I.B. Kleinert Rubber Co.,* 98 F.Supp. 1005 (S.D.N.Y.1951); *Olearchick v. American Steel Foundries,* 73 F.Supp. 273 (W.D.Pa. 1947), by stipulation of the parties, or upon the court's own initiative. *See* J. Moore & J. Lucas, 5 Moore's Federal Practice ¶ 39.-02–.04 (2d ed. 1982). No time limit is specified in Rule 39(a) as to when a party may move to strike a jury trial demand.[1]

---

1. Plaintiff indicated in its Memorandum in Opposition to Defendant's Motion to Strike Plaintiff's Jury Trial Demand that defendant's motion is not timely under Rule 12(f). This rule provides:

> (f) MOTION TO STRIKE. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the

Plaintiff's original complaint was served on defendant in November 1981 and the amended complaint was served in September 1982. Both complaints contained a demand for a jury trial. Although defendant did not move to strike plaintiff's demand for a trial by jury until now, plaintiff does not claim that it has been prejudiced by defendant's allegedly untimely motion.

Whether defendant's motion is timely, however, need not be decided because Rule 39(a) allows the court on its "own initiative" to strike an action from the jury list if a jury trial is not allowed under applicable law. Therefore, the court shall consider whether, under the ADEA, the EEOC is entitled to a jury trial, even absent a timely motion by defendant.

## EEOC'S RIGHT TO A JURY TRIAL IS GRANTED BY STATUTE

The EEOC's statutory argument rests on two assumptions: that the ADEA expressly grants the right to a trial by jury to any party bringing an action under § 626, whether that party is an individual or the EEOC; and that because relief has been requested under 16(c) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* ["the FLSA"], which has been construed to allow jury trials, and which has been incorporated by reference in the ADEA, plaintiff is entitled to a trial by jury.

## STATUTORY BACKGROUND

When the ADEA was first enacted, it did not specifically state whether jury trials were available. In 1978, Congress amended the ADEA and expressly granted this

---

pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

This does not appear to be the proper rule to invoke where the right to a jury trial is in question, especially in light of Rule 39(a), which specifically applies to motions to strike jury demands. Assuming it were appropriate, however, the court may still "on its own initiative" move to strike material from a pleading even if a party's motion is untimely. *Lunsford v. United States,* 570 F.2d 221 (8th Cir.1977); *Krauss v. Keibler-Thompson Corp.,* 72 F.R.D. 615 (D.Del.1976); *Uniroyal, Inc. v. Heller,* 65 F.R.D. 83 (S.D.N.Y.1974); *Joseph Bancroft &*

---

right.[2] Section 626 now reads, in pertinent part:

(c)(1) Any *person* aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this Act: Provided, That the right of any *person* to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this Act.

(2) *In an action brought under paragraph (1), a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this Act, regardless of whether equitable relief is sought by any party in such action.*

29 U.S.C. § 626(c)(1), (c)(2) (emphasis supplied).

Plaintiff argues that the reference to "person" in § 626(c) includes the EEOC; defendant argues that "person" does not include the EEOC, but refers only to individuals.

Section 16(c) of the FLSA provides for legal relief to redress violations of the Act:

The Secretary may bring an action in any court of competent jurisdiction to recover the amount of the unpaid minimum wages or overtime compensation and an equal amount as liquidated damages. . . .

29 U.S.C. § 216(c).

Section 17 of the FLSA provides for equitable relief:

*Sons Co. v. M. Lowenstein & Sons, Inc.,* 303 F.Supp. 310 (D.Del.), *aff'd,* 303 F.Supp. 313 (1969). Thus, the question whether plaintiff is entitled to a jury trial is an issue before the court and must be decided.

2. In the legislative history of the 1978 amendment to ADEA, individuals were specifically mentioned. 123 Cong.Rec. 34317–18 (1977) (remarks by Senator Kennedy upon offering the amendment. There is no mention, however, of whether the EEOC does, or should, have a right to a trial by jury; nor is there any suggestion that private actions should be differentiated from actions brought by the EEOC.

The district courts ... shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title).

29 U.S.C. § 217.

These sections are incorporated by reference into section 626 of the ADEA. 29 U.S.C. § 626(b).

Plaintiff argues that section 626, because it incorporates by reference section 16(c) of the FLSA, makes a jury trial appropriate where, as here, plaintiff has requested essentially legal relief. Defendant argues that plaintiff's complaint has requested only section 17 equitable relief.

JUDICIAL BACKGROUND

Prior to the 1978 amendment, which provided the right to a trial by jury, courts were divided on whether plaintiffs suing under the ADEA had such a right. Generally, if section 16(c) relief were requested, the courts recognized the right to a trial by jury because the relief demanded was considered to be of a legal nature. On the other hand, if section 17 relief were requested, the right to a trial by jury was not recognized because that type of relief was considered to be equitable. *See, e.g., Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834, 839 (3d Cir.1977) (legal relief sought and jury was allowed), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Morelock v. NCR Corp.,* 546 F.2d 682, 688–89 (6th Cir.1976) (equitable relief sought and no jury granted), *vacated and remanded,* 435 U.S. 911, 98 S.Ct. 1463, 55 L.Ed.2d 503 (1978). In so holding, courts construing the ADEA adopted as precedent cases which arose under the FLSA. Under the FLSA jury trials were permitted where section 16(c) relief was sought, irrespective of whether the plaintiff was an individual or the Secretary. *See Wirtz v. Jones,* 340 F.2d 901 (5th Cir.1965). Where section 17 relief was sought, however, courts construing the FLSA commonly denied the plaintiff the right to a jury. *Id.; Dunlop v. Darboian Enterprises, Inc.,* 410 F.Supp. 479 (E.D.Mich.1975); *Hodgson v. Stewart In-Fra-Red Commissary, Inc.,* 370 F.Supp. 503 (E.D.Pa.1973).

Until 1978, courts construing the FLSA and the ADEA adhered to the distinction between legal and equitable relief in determining whether a jury trial was available to an individual plaintiff, to the Secretary, or to the EEOC. In 1978, however, the ADEA was amended to make a jury trial available to "any person", irrespective of whether the relief sought was equitable or legal. 29 U.S.C. § 626(c)(2). This court agrees with other courts that the EEOC is a "person" within the meaning of the Act. *See, e.g., EEOC v. Western Electric Co., Inc.,* 25 E.P.D. ¶ 31,711 (E.D.Mich.1981); *EEOC v. Blue Star Foods, Inc.,* 22 E.P.D. ¶ 30,677 (S.D.Iowa 1980).

First, the logical construction of the statute dictates that the reference of section 626 to "person" was meant to include the EEOC. Had Congress intended to exclude the EEOC from the statute's grant to "any person" of the right to a trial by jury, it would have done so explicitly, or it would have used the term "individual", rather than "person" to denote a private individual, as it did in section 626(c)(1).

Second, section 626(d) provides that an individual must notify the EEOC of an employer's violation of the ADEA before the individual can commence an action. If the EEOC decides to commence an action, the individual is prohibited from bringing the action. 29 U.S.C. § 626(c)(1). Therefore, if the EEOC has no right to a jury trial, the individual's right to a jury is taken from him. *Blue Star Foods,* 22 E.P.D. at 15,236. If, however, the EEOC has the right to a jury trial, then the individual's right to a jury trial will not be lost if the EEOC decides to bring the action. *Id.*

Third, any issues of fact that would be before a jury were an individual bringing

the ADEA action, would be the same issues that a jury would be called upon to decide were the EEOC, instead, bringing the action.[3]

Finally, as noted in *Blue Star Foods,* because the right to a jury trial is so precious, where doubt exists it should be resolved in favor of the party asserting the right. 22 E.P.D. at 15,236.

Because the court finds that the EEOC is included within the term "any person" as used in § 626(c)(2), the characterization of the relief sought herein as equitable or legal is of no significance.

For the foregoing reasons, plaintiff's demand for a trial by jury will not be stricken. Counsel for plaintiff is directed to submit an order in accordance with this Opinion.

---

**3.** *See Morelock,* 546 F.2d at 686. It has been suggested that there are certain factual issues which require a court's discretion in ADEA cases and are, therefore, inappropriate for a jury to determine. Almond, The Right to Jury Trial Under the Age Discrimination in Employment Act and Fair Labor Standards Act, 44 *U. of Ch.L.Rev.* 365, 380–81 (1976–77). Arguably, such discretionary issues are generally equitable in nature. *Id.* Merely because discretionary issues are equitable, however, does not mean that the EEOC should not have the right to a jury trial in ADEA actions: Section 626(c)(2) explicitly allows jury trials regardless of whether the relief sought is legal or equitable. Therefore, the legislature has decided that there are no discretionary factual issues which should be kept from a jury in ADEA actions.