In re Randall R. BAILEY and Beth H. Bailey, Debtors.

PORK PRODUCERS, LTD., et al.

v.

Randall R. BAILEY, Beth R. Bailey, and T. Larry Edmonson, Trustee.

No. 3–86–0111.
Bankruptcy No. 386–01026.
Adv. No. 382–0208.

United States District Court, M.D. Tennessee, Northeastern Division.

March 27, 1987.

James F. Sanders, Nashville, Tenn., for plaintiffs.

Julian D. Butler, Huntsville, Ala., T. Larry Edmondson, Nashville, Tenn., for defendants.

## MEMORANDUM

MORTON, Senior District Judge.

This matter is before the court upon appeal from the United States Bankruptcy Court for the Middle District of Tennessee of an order issued by Judge Paine granting a motion by the defendants for a judgment notwithstanding the verdict and a conditional grant of a new trial. For the reasons which follow, this case shall be remanded for a new trial.

This protracted litigation originated in the United States District Court for the Middle District of Tennessee by a complaint filed on December 18, 1981, which alleged fraud and breach of contract. Before this civil action could be heard, the defendants filed a Chapter VII petition for bankruptcy on April 2, 1982. On April 6, 1982, the plaintiffs filed a complaint in the U.S. Bankruptcy Court for the Middle District of Tennessee, seeking to lift the automatic stay for a trial of the pending cause in district court. On May 28, 1982, Judge Paine denied the plaintiffs' request for relief from the stay provided an application for removal to the bankruptcy court was timely filed. He approved the application for removal and set a trial date for the adversary proceeding on July 26 and 27, 1982. A continuance was subsequently granted, and a jury trial on the issues of fraudulent misrepresentation and dischargeability commenced on November 30, 1982. After a lengthy trial, on December 7, 1982, the jury returned a special verdict form holding, *inter alia*, the Baileys liable to the plaintiffs for fraudulent misrepresentation with compensatory damages of $25,000, punitive damages of $10,000, and finding the Baileys' debt to the plaintiffs to be nondischargeable.

On December 17, 1982, the defendants petitioned the court for a JNOV in favor of the defendants or in the alternative for a new trial or to alter or amend the judgment. On January 24, 1983, a hearing was held on the JNOV motion. The motion was taken under advisement, and the defendants' attorney was instructed to prepare findings of facts and conclusions of law granting the JNOV. Plaintiffs' attorney was informed by Judge Paine that he would be allowed to file "a motion to reconsider that, if I sign with the facts contained therein." *Transcript of Proceedings,* January 24, 1983, p. 20. A period of approximately 15 months passed with neither party filing any pleadings regarding the JNOV. On May 11, 1984, Judge Paine ordered the parties to appear on June 1, 1984, to show cause why the action should not be dismissed. On May 23, 1984, the plaintiffs moved the court to strike the defendants' JNOV motion for their failure to submit proposed findings of fact and conclusions of law. Although the record does not reflect the date on which the defendants provided Judge Paine with their proposed memorandum, on August 24, 1984, the plaintiffs responded to the defendants' proposed memorandum in a 96–page "brief." Approximately 15 months later, on December 6, 1985, Judge Paine signed and entered the defendants' memo-

randum and order granting a judgment for the defendants notwithstanding the verdict on the ground that there was insufficient evidence upon which the jury could properly find a verdict for the plaintiffs separately and against the defendants separately on the issues of both liability and dischargeability and granting a conditional new trial on the ground that the issue of nondischargeability is not a jury issue, should the JNOV be reversed or vacated. This appeal followed. The transcript of the jury trial was designated on appeal, partially by the plaintiffs/appellants and the remainder by the defendants/appellees.

In the preparation of the findings of fact and conclusions of law for Judge Paine's approval, the appellants filed excerpts of the trial testimony which they felt were favorable to their position. The remainder of the trial was never transcribed, and attempts by both parties, as well as this court, to obtain a complete transcript were unsuccessful. Marylou Y. Cross, owner of Certified Reporting Association, which was the official court reporting firm at the trial, filed an affidavit on November 14, 1986, stating that all notes and tapes in this proceeding were submitted to the Clerk of the bankruptcy court in approximately May of 1985 and that at that time no notes or tapes were missing. Maurine D. Neel, Clerk of the bankruptcy court, likewise filed an affidavit on November 10, 1986, that a diligent search of her court records failed to disclose the notes or tapes of this proceeding. Therefore this court has benefit of only a portion of the trial transcript.

The plaintiffs/appellants contend on appeal that (1) Judge Paine failed to apply the proper legal standard in ruling on the defendants' JNOV motion or that he disregarded that standard and substituted his own judgment on the factual issues decided by the jury; and (2) the decision of the jury is binding on the defendants and the bankruptcy court because the issues were submitted to the jury without objection and by consent of the parties.

 The only logical and plausible resolution of this appeal is to order a new trial. A quick review of the available options reveals this necessity. Assuming the court adopted one of appellants' arguments, i.e., that Judge Paine was in error by improperly evaluating the standard for a JNOV, or that he imposed his own judgment and disregarded the standard, or upon a review of the available transcript[1] we find that sufficient evidence exists upon which reasonable minds could differ, and on any one of those grounds the grant of a JNOV is reversed and the jury verdict reinstated, the conditional grant of a new trial must be affirmed. Therefore, reversing the JNOV would be a meaningless ruling since we find the grant of a new trial to be the proper course of action. The basis for granting a new trial was that the question of nondischargeability is not a jury issue. The grant of a new trial is in the sound discretion of the trial judge, and we find no abuse of discretion in ordering a new trial for the following reasons.

 We concur with the weight of authority which holds that no right to a jury trial exists on the question of dischargeability in a bankruptcy proceeding. *See Matter of Merrill*, 594 F.2d 1064 (5th Cir. 1979); *In re Swope*, 466 F.2d 936 (7th Cir.1972) (per curiam); *In re Palfy*, 336 F.Supp. 1268 (N.D.Ohio 1972) (Krupansky, J.); *In re Proehl*, 36 B.R. 86 (W.D.Va. 1984); *In re Schmid*, 54 B.R. 520 (Bankr.E. D.Pa.1985); *In re O'Bannon*, 49 B.R. 763 (Bankr.M.D.La.1985). Since the plaintiffs were not entitled to a jury trial, Judge Paine was free to treat the jury verdict as merely advisory rather than binding. The plaintiffs argue that since the case was tried to a jury with the consent of all parties, any verdict as a result thereof

---

**1.** Reversal of a JNOV is generally possible based upon a review of only portions of a trial transcript if those portions contain sufficient evidence to support more than one conclusion by a jury of reasonable persons. The entire record is essential, however, to support an affirmance since a review of *all* the evidence is necessary to agree with a ruling that there was but one conclusion a reasonable jury could reach. Moreover, a cursory review of the available testimony indicates that the record before us is insufficient to extract the necessary elements of fraudulent misrepresentation, so that in this case reversal as well as affirmance is precluded.

would be binding upon the judge and subject only to be set aside according to the proper standards for a JNOV. A Sixth Circuit case with analogous facts provides some helpful guidance. In *Morelock v. NCR Corp.*, 546 F.2d 682 (6th Cir.1976), an age discrimination case, the plaintiff demanded a jury, and the district court refused to strike the jury demand as the defendant requested. The jury returned a judgment for the plaintiff. Upon the defendant's motion, a JNOV and conditional new trial was granted. The appellate court viewed the use of the jury as advisory and remanded the case for findings of fact and conclusions of law by the district judge, vacating the JNOV and conditional new trial, stating:

> As no constitutional right to a jury trial existed in this action, the jury impaneled by the District Court was, in effect, an advisory one. *Hyde Properties v. McCoy*, 507 F.2d 301 (6th Cir. 1974). When an advisory jury is used, the ultimate responsibility for findings of fact and conclusions of law remains with the district court.

*Morelock*, 546 F.2d at 689. While no motion to strike the jury demand was made in the case before us, the fact that one party consents to a jury trial demanded by the adverse party is irrelevant to the issue of whether a *right* to a jury verdict exists. Consequently, under *Morelock*, it would be appropriate to remand this case for the issuance of findings of fact and conclusions of law by the district court. However, since the trial of this matter was held more than 4 years ago and no complete transcript of the case exists or can be obtained, the inescapable conclusion is that a new trial is warranted. Even if the bankruptcy court were able to accurately recall all the pertinent facts necessary to draft an opinion, the incomplete state of the trial transcript would preclude later appellate review thus potentially requiring a retrial. We have not overlooked the possibility of treating the memorandum and order granting the JNOV as findings of fact and conclusions of law for purposes of review. However, as aforestated, the unavailability of a complete transcript renders us incapable of properly reviewing factual findings for clear error.

■ Turning to the appellees' position— that the JNOV was proper and should be affirmed based on an incomplete transcript—we find such proposal simply untenable. Even assuming we pass the hurdle of whether the proper standards were utilized in granting the JNOV (about which we express no opinion), our review of his implementation of those standards must be based upon *all* the evidence. *See e.g., E.H. Boerth Co. v. Lad Properties*, 82 F.R.D. 635 (D.Minn.1979) (setting forth the standards for evaluating a JNOV motion). A new trial, and only a new trial, can resolve the "catch–22" situation of this appeal.

Alternatively, the defendants/appellees urge the court to affirm the decision of the bankruptcy judge on the basis that the plaintiffs/appellants were at fault for failing to designate the entire transcript on appeal. In support of that argument, reference is made to Rule 10(b)(2) of the Federal Rules of Appellate Procedure[2] and a Tenth Circuit case[3] which affirmed a trial court's factual findings due to the absence of a transcript. Crucial to their decision, however, was the fact that *neither* party designated the transcript. In the case at bar, the entire transcript was designated, but is unavailable because the notes and tapes are missing. We decline to adopt the reasoning that a blanket affirmance is mandated when the transcript is unavailable for review of factual findings. *Cf. Cockrham v. South Central Bell Telephone Co.*, 695 F.2d 143 (5th Cir.1983) (retrial ordered where one-half of trial transcript lost). Alternatively, the court is urged to follow the procedure set forth by the Sixth Circuit in *Herring v. Kennedy-*

---

**2.** Fed.R.App.P. 10(b)(2) provides:
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.

**3.** *Rachbach v. Cogswell,* 547 F.2d 502 (10th Cir. 1976).

*Herring Hardware Company*, 261 F.2d 202 (6th Cir.1958) where the court reporter died before transcribing the trial and the case was remanded to determine if a fair and satisfactory record could be prepared for the purpose of review.[4] While such an attempt (which is now suggested in modified form by the Fed.R.App.P. 10(c) and (d)) might prove fruitful in some instances, we feel the effort would be futile under the circumstances of this case. An accurate reconstruction of the record is highly improbable in light of the length of the trial and the extended lapse of time since its conclusion. We shall not waste any more time by ordering that this attempt be made.

In summary, the court expresses no opinion as to the propriety of Judge Paine's grant of a JNOV. The bankruptcy court shall schedule a new trial of this case. An appropriate order will be entered.

### ORDER

In accordance with the memorandum contemporaneously filed, it is ORDERED that this case is remanded to the U.S. Bankruptcy Court for the Middle District of Tennessee for a new trial.

**4.** Shortly after remand, the district judge certified to the appeals court that the case should be retried. *Herring v. Kennedy-Herring Hardware Company,* 265 F.2d 222 (6th Cir.1959).